THE STATE OF IOWA, Appellee, v. JAMES DIMMITT, Appellant.

1. **Burglary:** EVIDENCE TO SUPPORT VERDICT. In a trial for the burglary of a store, the state proved the breaking and entering as charged, and that a tub of butter was stolen from the store, and introduced evidence tending to prove that the defendant sold the butter soon after it was stolen. The defendant attempted to prove an *alibi* during the night of the burglary, but this defense, as to the four hours preceding midnight, was sustained by one witness only, whose moral character was shown to be bad by the testimony of several persons. *Held,* that a verdict of guilty was sufficiently supported by the evidence.

2. **Criminal Law:** NEW TRIAL: NEWLY DISCOVERED EVIDENCE. Newly discovered evidence is not ground for a new trial in a criminal cause.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

THURSDAY, MAY 25, 1893.

THE defendant was convicted of the crime of burglary, and adjudged to be imprisoned in the penitentiary at Ft. Madison for the period of six years, and to pay the costs. From that judgment he appeals.— *Affirmed.*

No appearance for either party.

ROBINSON, C. J.—I. The indictment charged that the defendant feloniously broke and entered a certain store in the city of Des Moines, in which merchandise was kept for sale, use and deposit, with the intent to commit the crime of larceny. The evidence showed that the store building was broken and entered as charged in the indictment, and that a tub of butter was stolen from it. The state introduced evidence which tended to prove that the defendant sold the stolen butter soon after it was taken. The defendant introduced evidence which tended to prove that he was at his boarding place during the night the offense of which he is accused was committed, excepting four hours, ending at midnight, and a witness testified that during those hours he was with the defendant in and about the streets of Des Moines, drinking alcohol, but that he was not near the store from which the butter was taken. Several persons testified that the moral character of that witness was bad. If the witnesses for the state were credible, the jury were fully justified in finding the defendant guilty as charged. Whether they were credible was a question for the jury to determine. So far as we are able to discover from the record, the defendant had the benefit of a fair trial, by an impartial jury, which was properly charged by the court, and the verdict is sustained by the evidence.

1. BURGLARY: evidence to support verdict.

II. In support of a motion for a new trial, the defendant offered the testimony of a witness to the effect that he was present when the butter was sold, after it was stolen, and that it was not sold by the defendant. The defendant asked that the testimony so offered be regarded as newly discovered evidence, and considered as a part of the motion for a new trial. The testimony so offered was given by a person who had testified as a witness on the trial, and no diligence whatever to ascer-

2. CRIMINAL law: new trial: newly discovered evidence.

tain, before or during the trial, what he knew about the person who sold the butter, is shown, although it appeared that he was employed at the time by the person who purchased the butter at the place where it was sold.    Therefore, the defendant would not have been entitled to a new trial, had newly discovered evidence been a ground for granting it.    That a new trial can not be granted in a criminal case on account of newly discovered evidence has been repeatedly decided by this court.    *State v. Potts*, 83 Iowa, 317.

We have examined the record with care, but without finding any ground upon which the judgment of the district court ought to be disturbed.    It is therefore AFFIRMED.