THOMAS PARKER, JR., Receiver, Appellant, v. C. LAMB & SONS.

**Conflict of Laws—Comity:** FOREIGN RECEIVER: *Insurance.* In view of the fact that McClain's Code, section 1144, absolutely prohibits foreign insurance companies from transacting business in this state, unless .they comply with conditions named in that section, comity will not enable a foreign receiver of a foreign insurance company which has not complied with these conditions, to maintain an action in Iowa, upon premium notes executed to said company, by a citizen of Iowa, for insurance upon property situated in Iowa.

**Adjudication:** COMITY. An assessment on premium notes, made by a receiver of a mutual insurance company, under a decree of the court of Illinois, is not an adjudication binding on the courts of another state, as against the maker of one of such notes who was not a party to the proceeding resulting in the assessment, and who, before the bankruptcy of the company, had surrendered his policy and received back his note

**Constitutional Law:** *Insurance.* McClain's Code, section 1144, absolutely prohibiting any foreign insurance companies from taking risks or transacting insurance business in this state, unless possessed of two hundred thousand dollars actual paid up capital, and unless they comply with other conditions named therein, is not unconstitutional.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

FRIDAY, OCTOBER 16, 1896.

ACTION at law to recover upon two premium notes given by the defendant to the Mutual Fire Insurance Company, of Chicago, for policies of insurance against loss by fire. A demurrer to the petition was sustained. Judgment was rendered for the defendant for costs, and the plaintiff appeals.—*Affirmed.*

NOTE.—As to the restriction of business of foreign insurance companies, see note to State, *Richards v. Ackerman* (Ohio) 24 L. R. A. 298 and note on page 694, volume 34, L. R. A.

*Myron H. Beach, D. J. Schuyler*, and *C. W. Green-field* for appellant.

The plaintiff may maintain the suit, although suing in the capacity of a foreign receiver.

*Runk v. St. John*, 29 Barb. 585; *Sobernheimer v. Wheeler*, 45 N. J. Eq. 614; *Bidlack v. Mason*, 26 N. J. Eq. 230; *Comstock v. Frederickson*, 51 Minn. 351; *Lycoming F. Ins. Co. v. Wright*, 55 Vt. 526; *Merchants' Nat. Bank v. McLeod*, 38 Ohio St. 174; *Mowry v. Crocker*, 6 Wis. 326; *Gilman v. Ketchman*, 84 Wis. 60, 23 L. R. A. 52; *Falk v. Janes*, 49 N. J. Eq. 484; *Re Waite*, 99 N. Y. 433; *Ragby v. Atlantic, M. & O. R. Co.*, 86 Pa. 291; *Metzner v. Bauer*, 98 Ind. 427; *Woodward v. Brooks*, 128 Ill. 222, 3 L. R. A. 702; *Toronto General Trust Co. v. Chicago, B. & Q. R. Co.*, 123 N. Y. 37; *Bacon v. Horne*, 123 P. A. 452, 2 L. R. A. 355; *Ayers v. Siebel*, 82 Iowa, 348; *Parker v. Stoughton Mill Co.*, 91 Wis. 174.

The plaintiff is entitled to recover judgment for the full amount of the deposit notes.

Ill. Stat. chapter 73, 1 Starr & C. Stat. (Ill.) 1315; *Taylor v. Port Jefferson Mill Co.*, 65 N. Y. S. R. 542.

The decree levying the assessment is conclusive against all members of the company, and cannot be attacked collaterally.

*Great Western Teleg. Co. v. Gray*, 122 Ill. 630; *Ward v. Farwell*, 97 Ill. 593; *Hawkins v. Glenn*, 131 U. S. 319, 33 (L. Ed.) 184; *Glenn v. Liggett*, 135 U. S. 533, 34 (L. Ed.) 264; *Sanger v. Upton*, 91 U. S. 56, 23 (L. Ed.) 220; *Smith v. Hopkins*, 10 Wash. 77.

Under the Federal Constitution and statutes the decree of the Illinois court levying the assessment is entitled to the same faith and credits in the courts of Iowa that are given the same in the state of Illinois.

*Mills v. Duryee*, 11 U. S. 7 Cranch, 481, 3 (L. Ed.) 411; *Christmas v. Russell*, 72 U. S. 5 Wall, 290, 18 (L.

Ed.) 475; *Green v. Van Buskirk,* 74 U. S. 7 Wall. 139, 19 (L. Ed.) 109; *Hanley v. Donoghue,* 116 U. S. 4, 29 (L. Ed.) 537; *Brown v. Parker,* 28 Wis. 27; *Cole v. Cunningham,* 133 U. S. 111, 33 (L. Ed.) 541; *Holt v. Johnson,* 50 Mo. App. 373; *Griggs v. Becker,* 87 Wis. 313; *Leep v. St. Louis I. M. & S. R. Co.,* 58 Ark. 407, 23 L. R. A. 264.

The policies are Illinois contracts, and governed by the laws of Illinois.

*Lamb v. Bowser,* 7 Biss. 315; *Adams v. Lindsell,* 1 Barn. & Ald., 681; *Hamilton v. Lycoming Mut. Ins. Co.,* 5 Pa. 339; *Hunt v. Higman,* 70 Iowa, 406; *Hallock v. Commercial Ins. Co.,* 26 N. J. L. 268; *Reliance Mut. Ins. Co. v. Sawyer,* 160 Mass 413.

Statutes abridging the right of contract are void.

*Low v. Rees Printing Co.,* 41 Neb. 127, 24 L. R. A. 702; *Re Eight Hour Law,* 21 Colo. 29; *Re House Bill No. 203,* Id. 27; *Com. v. Perry,* 155 Mass. 117, 14 L. R. A. 325; *Com. v. Potomska Mills Corp.* (Mass.) (28 N. E. Rep. 1128); *Braceville Coal Co. v. People,* 147 Ill. 66, 22 L. R. A. 340.

Section 1144 of the Code of Iowa is void and unconstitutional, in so far as it provides that no foreign insurance company "shall directly or indirectly take risks" in said state of Iowa, without first complying with the laws of said state, with reference to foreign insurance companies doing business in said state.

*French v. People,* 6 Colo. App. 311; *Lamb v. Bowser,* 7 Biss. 318, 372, and cases cited; *Marine Insurance Co. v. St. Louis, I. M. & S. R. Co.* (41 Fed. Rep. 643;) *Hooper v. California,* 155 U. S. 647 (39 L. Ed. 297).

If the liability of the member does not cease until all losses and expenses for which such member is liable are paid, then the relation between the member and the company does not cease, and is not changed until such liabilities are paid, although the policy may have been canceled.

*Detroit Manufacturers Mutual Fire Insurance Co. v. Merrill*, 101 Mich. 393; *Ionia E. & B. Farmers Mutual Fire Insurance Co. v. Otto*, 96 Mich. 558; *Davis v. Sharpe*, 2 West. L. Month. 40.

*A. P. Barker* for appellees.

The legal authority of a receiver is co-extensive only with the jurisdiction of the court appointing him.

High, Receivers (2d Ed. paragraph 47); *Moreau v. Du Bellet*, Tex. Civ. App. (27 S. W. Rep. 503); *Fitzgerald v. Fitzgerald & M. Construction Co.*, 41 Neb. 406; *Booth v. Clark*, 58 U. S. 17 How. 322, 331 (15 L. Ed. 164, 167); *Brighman v. Luddington*, 12 Blatchf. 237; *Ayres v. Siebel*, 82 Iowa, 347.

A receiver cannot sue or otherwise exercise his functions in a foreign jurisdiction whenever such acts would interfere with the policy established by law, in such foreign state.

*Hurd v. Elizabeth*, 41 N. J. L. 1.

It is, unquestionably, the policy of the laws of this state, as expressed by legislative enactment and construed by this court, to exclude from, in any manner, directly or indirectly, taking risks in this state, every foreign insurance company that has not complied with its laws, and to deny them the right to recover upon premium notes given by citizens of this state, in payment for insurance written in violation of such law.

McClain, Stat. 1707–1709; *Seamans v. Zimmerman*, 91 Iowa, 363; *Fred Miller Brewing Co. v. Council Bluffs Insurance Co.*, 95 Iowa, 31 (63 N. W. Rep. 565).

Appellee does not concede that the order directing the receiver to make the assessment, is in the nature of an adjudication, and binding upon it, without notice and without day in court.

Biddle, Ins. section 929; High, Receivers, section 329.

Judgment cannot be obtained in the courts of this state, upon a note given by a citizen of this state, for the premium upon a policy of insurance written upon property in this state, by a foreign insurance company that has not complied with its laws, so as to be authorized to take risks therein.

*Seamans v. Zimmerman,* and *Fred Miller Brewing Co. v. Council Bluffs Ins. Co., supra; Stewart v. Northampton Mut. Live Stock Ins. Co.,* 38 N. J. L. 436; *Farrier v. New England Mort. Secur. Co.,* 88 Ala. 275; *Pierce v. People,* 106 Ill. 11 (46 Am. Rep. 683); *Rose v. Kimberly & C. Co.,* 89 Wis. 545, 27 L. R. A. 556; *Seamans v. Temple Co.,* 105 Mich. 400, 28 L. R. A. 430; *Beeber v. Walton,* 7 Houst. (Del.) 471.

The appointment of a receiver does not have the effect of changing the contractual relations existing between the original parties.

High, Receivers (2d Ed. paragraphs 204, 205).

The corporation being the mere creation of local law, can have no existence beyond the limits of the sovereignty, where created. Having no absolute right of recognition in other states, but depending for such recognition and the enforcement of its contracts upon their assent, it follows as a matter of course that such assent may be granted upon such terms and conditions as those states may think proper to impose.

*Fred Miller Brewing Co. v. Council Bluffs Ins. Co., supra; Paul v. Virginia,* 75 U. S. 8 Wall. 168 (19 L. Ed. 357); *Pierce v. People,* 106 Ill. 11 (46 Am. Rep. 683); Reno, Non-Residents, paragraphs 5, 6; *Columbia F. Ins. Co. v. Kinyon,* 37 N. J. L. 33; Biddle, Ins., section 85 *et seq.*

When defendant surrendered its policy and received back its notes, it ceased to be a member of the company.

*Hyde v. Lynde,* 4 N. Y. 395, 396; *Tolford v. Church,* 66 Mich. 431.

ROTHROCK, C. J.—It appears from the averments of the petition that the Mutual Fire Insurance Company, of Chicago, was organized under the laws of the state of Illinois, and that the defendant is a corporation organized and doing business under the laws of this state. Applications were made by the defendant for insurance in said company, which applications were accepted, and in part consideration for said insurance, the defendant executed and delivered to the said insurance company two premium notes, one for the sum of seven hundred and fifty dollars, and the other for five hundred and twenty-five dollars. These notes were promises to pay the said insurance company, such sums thereon, as the directors might from time to time order and assess to pay losses and the expenses of said company. The contracts of insurance were made, and the premium notes executed and delivered, on the eleventh day of April, 1889, and the insurance was for five years. The policies of insurance remained in force until the eleventh day of April, 1890, when they were surrendered to the insurance company, and canceled, and the premium notes were returned to the defendant. On the twelfth day of November, 1890, a suit in chancery was instituted in the circuit court of Cook county, Illinois, against the said fire insurance company, and on the twenty-first day of February, 1891, the plaintiff herein was appointed receiver of said company, and of its property and assets. Afterwards, and in July, 1891, an order was made by said circuit court, by which the receiver was directed to assess upon each of the members of said insurance company, sixty-five per cent. of the premium notes, and make demand therefor of the persons liable on said notes, and proceed to collect the

same.   Said order, or decree, further provided that, if any member or members of said company, failed or refused to pay the amount of the assessment for thirty days after notice and demand, the said receiver should then proceed to collect from such member, or members, the whole of their premium note, or notes.   The defendant was notified of the assessment, and of the amount that it was required to pay under said decree, on each of its premium notes.   Payment was refused, and this action was commenced to recover the whole amount of the premium notes, and judgment was demanded therefor.

We have set out the substance of the claim made in the petition, so far as it pertains to what we think are the material facts in the case.   One ground of the demurrer was in these words:   "Said petition shows upon its face that the defendant is a corporation, organized and doing business under and by virtue of the laws of the state of Iowa; that the Mutual Fire Insurance Company of Chicago, as receiver of which plaintiff brings this action, was a corporation, organized and doing business under the laws of the state of Illinois; and it is not further shown therein that said company was possessed of the requisite capital to authorize it to transact business in the state of Iowa, or that said Mutual Fire Insurance Company had in any manner complied with the laws of the state of Iowa, or was entitled to write insurance or transact business in said state."   We will not set out other grounds of demurrer, for the reason that we think a proper determination of that part of it above quoted is conclusive of the rights of the parties.   It presents the single question, whether the plaintiff can maintain the action, or, as stated by appellee's counsel, in argument:   "Will a foreign receiver of an insurance company, which had never complied with the laws of this state so as to be entitled

to transact business herein, be permitted to maintain an action in the courts of this state upon the premium notes executed to such foreign insurance company by a citizen of Iowa for a policy written by it upon property in this state?" It is to be observed that, both in the statement of facts and in the demand for judgment, this action is founded upon the premium notes. Copies of the notes are not set out in the petition, nor exhibited therewith, for the alleged reason that the notes are not in the possession of the plaintiff. It appears to us that this court has, in effect, determined the question here presented. In *Ayres v. Siebel,* 82 Iowa, 347 (47 N. W. Rep. 989), it was held that a trustee of a foreign corporation will not be permitted to maintain an action in the courts of this state, upon a contract between such corporation and a citizen of this state. It was conceded in that case, that the same rule applied to a receiver, except that in such case the right to maintain an action has sometimes been recognized as a matter of state comity. And the claim is made that such a rule is applicable to the facts here presented. It is to be conceded that there is not entire harmony in the decisions of courts upon this question. We do not think that under the facts in this case, there is any comity which can properly be invoked to sustain the action. In High on Receivers (section 239), the following is stated to be the true rule: "Upon the question of the territorial extent of a receiver's jurisdiction and power for the purpose of instituting actions connected with his receivership, the prevailing doctrine established by the supreme court of the United States, and sustained by the weight of authority in various states, is that the receiver has no extra-territorial jurisdiction or power of official action, and cannot go into a foreign state or jurisdiction, and there institute a suit for the recovery of demands due the person or estate subject

to his receivership. His functions and powers, for the purpose of litigation, are held to be limited to the courts of the state in which he was appointed; and the principles of comity between states and nations which recognize the judicial decisions of one tribunal as conclusive on another, do not apply to such a case, and will not warrant a receiver in bringing an action in a foreign court or jurisdiction." Elaborate arguments are presented by the respective counsel in this case, and numerous authorities are cited, which we have examined, and, without citing them or reviewing them, we believe that the rule as above stated, is correct in principle, and well sustained by the weight of authority.

II. It is contended by counsel for appellant that the doctrine of comity and respect for the judicial orders and decrees of another state should be applied in the case at bar. It is possible that, if this contract of insurance was one which under the laws of this state might lawfully be made, it would be a proper case in which the courts of this state would entertain and determine such an action. But that question we do not determine. The contract of insurance, so far as the right of the company to insure property in this state is involved, was void. By section 1707 of McClain's Code, it was absolutely prohibited from directly or indirectly taking any risks or transacting any business of insurance in this state, unless possessed of two hundred thousand dollars of actual paid-up capital, and complying with other conditions named in said section. It being admitted that there was not even an attempt to comply with the law, the plaintiff is in no position to demand that under any policy of comity he is entitled to maintain the action. In *Hurd v. City of Elizabeth*, 41 N. J. Law, 1, it is said that "the more correct definition of the legal rule would be that a receiver cannot sue, or otherwise

exercise his functions in a foreign jurisdiction, whenever such acts, if sanctioned, would interfere with the policy established by law in such foreign jurisdiction." If the rule contended for by counsel for appellant in this case were to be adopted by this court, it would be in direct conflict with the legislative policy of this state. We have already determined this question in *Seamans v. Zimmerman*, 91 Iowa, 363 (59 N. W. Rep. 290), where we held that a foreign insurance company, not having complied with the statute above cited, cannot recover assessments under a policy of insurance issued on property in this state.

III. It is urged in behalf of appellant, that the statute above cited is unconstitutional. We have given that question proper examination and attention, and we discover no ground, either upon principle or authority, for sustaining this contention. We do not believe it to be necessary to give further consideration to this point in the case.

IV. But it is said, that the assessments made by the plaintiff, under the decree of the circuit court of Cook county, are an adjudication or judgment of that court as against the defendant, and that said adjudication is binding on the courts of this state. We think this contention is not sustained by the facts stated in the petition, nor by the decree. The petition as we have said, is not founded on the decree. The cause of action is plainly stated to be upon the premium notes. It ought to be understood, also, that the amount is not for any fixed and unalterable sum. It is true, it is named as sixty-five per cent. of the premium notes, and for failure to pay for thirty days, the receiver was required to collect the whole amount of the notes. That this decree was no adjudication, is also plainly shown by the record. Before the insurance company became bankrupt, the notes were delivered up to the defendant, and the

policy was surrendered.   There is no presumption that there was any fraud in this transaction, and when the contract was thus canceled, the defendant was no longer a policy holder in the company, and was not a party to the proceedings in the Illinois court.   The case requires no further consideration, and the judgment of the district court is AFFIRMED.