## Root *et al.* v. Sweeney.

1. Comp. Laws, §§ 3190, 3192, as amended by Laws 1895, c. 47, requiring foreign corporations to file copies of their charters and appoint resident agents within the state to render their contracts valid, and to entitle them to maintain actions, was prospective only in its operation, and a corporation of another state, which had previously commenced an action in a court of the state to enforce a contract valid when made, has a vested right to continue such action, regardless of whether or not it has complied with the statute.

2. Where, by a state statute, the directors or managers of a corporation, on its dissolution, become trustees for the creditors and stockholders, with full power to settle the affairs of the corporation, unless other trustees are appointed by the court, such directors, although designated as trustees by the court on dissolution of the corporation, do not derive their powers from the court, but from the statute, and, as the legal suc-

cessors of the corporation, may maintain an action in another state where the corporation could have done so, and may continue an action commenced by the corporation before its dissolution.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Pennington county. Hon. LEVI McGEE, Judge.

Action by Elliott M. Root and others against Thomas Sweeney. From an order sustaining a demurrer to the complaint, plaintiffs appeal. Reversed.

*Schrader & Lewis,* for appellants.

Where the representative of the foreign corporation is vested with the title, he may maintain an action by virtue of such title, as owner of the property. Murfree, For Corp. § 485; Relf v. Rundle, 103 U. S. 222; Avery v. Safe Co. 72 Fed. 700; Toronto Trust Co v. Railroad, 121 N. Y. 37; Thomp. Corp. § 7334–7346.

*Charles W. Brown.* for respondent.

A foreign corporation cannot claim the right to sue or do business in the state except subject to the conditions imposed by its laws; and no action can be commenced *or maintained* by it here without a compliance with Chap. 47, Laws 1895. Bradley et. al. v. Armstrong, 9 S. D. 267; Horn Silver M. Co., v. New York, 143 U. S. 165; Hooper v. California, 155 U. S. 297; McCanna v. Citizens Co., 74 Fed. 597; Acme Merc. Agency v. Rochford, 10 S. D. 203.

The trustee or receiver of a dissolved foreign corporation, appointed by the court of another state, stands in the place of the defunct corporation, and cannot, upon the ground of comity bring or maintain an action which the corporation in its lifetime could not bring or maintain. Parker v. Lamb, 68 N. W.

686; American Ins. Co. v. Story, 41 Mich. 385; Booth v. Clark, 17 How, 322; Hurd v. Elizabeth, 41 N. J. L. 1; Murfree For., Corp., § 484; Perry, Trusts, (2nd Ed.,) § 71; High, Receivers, § 239.

CORSON. P. J.   In January, 1892, the Atlantic Dynamite Company, a corporation organized and existing under the laws of the state of California, commenced an action in the circuit court of Pennington county to recover the sum which that company claimed to be due it from the defendant under a contract existing between it and the said defendant, by which the said defendant was appointed the sole agent of that company to sell its goods in Pennington county, and by which contract the defendant guaranteed the payment of all money for all sales made. The defendant duly filed an answer to this complaint, and the action remained upon the calendar of the circuit court of Pennington county until May, 1897, when the plaintiffs herein applied for and were granted leave to file an amended and supplemental complaint. To the amended and supplemental complaint filed the defendant interposed a demurrer, upon the ground that it appears upon the face of the complaint that the plaintiffs have no legal capacity to sue. The demurrer was sustained, and from the order sustaining the demurrer the plaintiffs have appealed to this court.

The plaintiffs copy into their amended and supplemental complaint, substantially the original complaint, and state that in January, 1892, the Atlantic Dynamite Company commenced its action against the defendant for the amount so due and unpaid. Plaintiffs further state that, before any further proceedings were had in the said cause, a

meeting of the stockholders was held, on the 25th of July, 1895, at which the voluntary dissolution was resolved upon, and all the claims and demands against the said corporation were fully discharged and satisfied; that on the 31st of July, 1895, the Atlantic Dynamite Company submitted to the superior court of the city and county of San Francisco, in the state of California, the same being a court of record and having general jurisdiction, its voluntary application in writing, signed by a majority of the board of directors having the management of the affairs of the said corporation, setting out the foregoing resolutions, and praying that the same might be dissolved; that such proceedings were had therein; that the said corporation was by the court declared dissolved; that, by virtue of the judgment and decree of the said court, the Atlantic Dynamite Company was dissolved on the 7th day of April, 1896, and that at the time of the dissolution of the corporation the said plaintiffs, composing its board of directors, by decree of the said court and by the laws of the states of California and South Dakota, were and are the trustees of the stockholders of the said corporation, and have full power to settle the affairs of the said corporation and to maintain this action. They further state that the laws of the state of California relating to the voluntary dissolution of corporations are substantially the same as provided by Sections 2938, 2940 and 2941 of the Compiled Laws of the State of South Dakota; that on the 10th day of April, 1897, in order to comply with the provisions of Chapter 47 of the laws of 1895, the plaintiffs, on behalf of the Atlantic Dynamite Company, caused to be filed in the office of the secretary of state a duly-authenticated copy of its charter, and an authenticated copy of the appointment of an

agent for the said corporation, and that on the 19th day of April, 1897, plaintiffs caused to be duly filed and recorded in the office of the register of deeds of the county of Pennington a duly authenticated copy of the appointment of the said agent, and plaintiffs say that all the laws of the state of South Dakota relating to foreign corporations, in order to enable the plaintiffs to maintain this action, have been fully complied with by them; that in May, 1897, the court made an order that said action be revived and continued in the name of the plaintiffs, as the directors and trustees of the stockholders of the said Atlantic Dynamite Company, with the right to the benefit of said prior suit in the name of the said corporation and all proceedings had therein; that said plaintiffs demanded judgment that they may have the benefit of the said original suit and the proceedings had therein, and be at liberty to prosecute the same against the defendant from the period that said original suit became defective as aforesaid, and for that purpose that this complaint be taken as amendatory and supplemental to the complaint of the said Atlantic Dynamite Company; and that the said defendant be required to answer this complaint as by the said terms of the said order specified, and for judgment as prayed for in the original complaint. The appellants very frankly concede that the filing of a copy of the charter of the Atlantic Dynamite Company and the appointment of an agent in April, 1897, were ineffectual for any purpose, and that proceeding will therefore be entirely disregarded in the consideration of this case.

While the grounds upon which the demurrer was sustained were not stated in the order, we may reasonably presume that it was sustained upon the theory that the Atlantic Dynamite

Company had not, prior to its disolution, complied with the laws of this state by filing a copy of its charter and appointing a resident agent, as provided by Sections 3190, 3192, Comp. Laws; or that the present plaintiffs, being trustees of the dissolved corporation, under and by virtue of an appointment of the superior court of San Francisco, cannot maintin the action in this state.

The appellants contend that the contract between the Atlantic Dynamite Company and the Defendant was a valid contract, and that, under the decisions of this court, that corporation was duly authorized to maintain an action for the enforcement of the same, notwithstanding it had failed to comply with the requirements of the statute. They further insist that the right of the corporation to maintain the action was a vested right, of which it could not be deprived by the legislature of this state, and that the present trustees of the dissolved corporation have suceeded to this vested right, and that the plaintiffs are trustees, not by virtue of any appointment of a court of the state of California, but under and by virtue of the laws of said state. The respondent insists that, by the amendments of the statute in 1895, the corporation could not further maintain its action without complying with the requirements of the statute as amended, and that, having failed to comply with the same prior to its dissolution, its right to maintain the action was terminated; and he further insists that, as the corporation had not complied with the laws of this state and could not maintain its action at the time of its dissolution, the trustees, as successors of such corporation, are equally precluded from maintaining the action. He further insists that the plaintiffs are trustees in the nature of receivers appointed by the superior court

of California, and that, as such trustees, they cannot maintain the action in the courts of this state. In Wright v. Lee, 2 S. D. 596, 51 N. W. 706; and *Id.*, 4 S. D. 237, 55 N. W. 531, this court after a full review of the authorities, held that foreign corporations could make valid and binding contracts in this state, and maintain actions thereon, notwithstanding they had failed to comply with the laws of this state requiring them to file copies of their charters and to appoint agents residing within this state. At the time the contract was entered into between the said corporation and the defendant and this action commenced thereon, the same was a legal and binding one, and the corporation was authorized to maintain its action in the courts of this state. This being so, it was not competent for the legislature, by an amendment to the law then in force, to deprive the corporation of these vested rights, had it attempted to do so. By Sections 3190, 3192, Comp. Laws, as amended in 1895 (Chapter 47, Laws 1895), no reference is made to contracts then existing nor to suits then pending, and it was evidently the intention of the legislature that the law as amended should have only a prospective application. It is quite clear, therefore, that, had the Atlantic Dynamite Company continued in existence, it could have maintained the action commenced by it, notwithstanding the amendments made in 1895. It would seem to follow that, if the corporation could have maintained its action, the trustees, representing the corporation, could also maintain the action, provided the trustees are such as would be entitled to maintain the action in the courts of this state had the law been fully complied with.

By Section 2940. Comp. Laws, it is provided that, unless other persons are appointed by the court, the directors or man-

agers of the affairs of such corporation are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation. It will be observed that, unless other persons are appointed by the court, the directors or managers of the corporation are declared to be trustees of the creditors and stockholders of the dissolved corporation, and have full power to settle the affairs of the same. Assuming, therefore, as alleged in the complaint, that the law of California upon this subject is the same as the law of this state, it will be seen that the plaintiffs are trustees, not by virtue of the appointment of any court, but under and by virtue of the law of the state of California. While the trustees are not in terms vested with the estate of the corporation, it would seem to logically follow that they necessarily hold the property as such trustees in order to enable them to settle up the affairs of such corporation.

The position of the plaintiffs, as trustees of the dissolved corporation, seems to be quite similar to that of the superintendent of the insurance deparment of the state of Missouri, in the case of Relfe v. Rundle, 103 U. S. 222. In that case the supreme court of the United States says: "Relfe is not an officer of the Missouri state court, but the person designated by law to take the property of any dissolved life insurance corporation of that state, and hold and dispose of it in trust for the use and benefit of creditors and other parties interested. The law which clothed him with this trust was, in legal effect, part of the charter of the corporation. He was the statutory successor of the corporation, for the purpose of winding up its affairs. As such, he represents the corporation at all times and places in all matters connected with his trust. He is the

trustee of a an express trust, with all the rights which properly belong to such a position. He is an officer of the state, and as such represents the state in its sovereignty, while performing its public duties connected with the windiing up of the affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute. He appeared in Louisiana, not by virtue of any appointment of the court, but as the statutory successor of a corporation which the court had in a legitimate way dissolved and put out of existence. He was, in fact, the corporation itself, for all the purposes of winding up it affairs.''

We are clearly of the opinion that the amendments to Section 3190 and 3192, made in 1895, did not in any manner affect the contract between the corporation and the defendant, or the right of said corporation to maintain its action in the courts of this state, and do not in any manner affect the right of the present plaintiffs, as successors of such corporation, to maintain this action. The respondent relies mainly upon Parker v. Lamb, 99 Iowa, 265, 68 N. W. 686; Seamans v. Zimmerman, 91 Iowa, 363, 59 N. W. 290; and Ayers v. Siebel, 82 Ia. 347, 47 N. W. 989. These cases do not sustain the position of the respondent, for the following reasons: First, the contracts sought to be enforced in the courts of Iowa were held to be void contracts; second, the officers who sought to maintain the actions were receivers deriving their authority from courts of foreign states; and, third, the law rendering the contracts void in the state of Iowa was in force at the time the contracts were made. In Parker v. Lamb, *supra,* the court, in speaking of the contract, says: ''The contract of insurance, so far as the right of the company to insure property in this state is involv-

ed, was void." What has been said of the Iowa cases may also be said of the case of Seamans v. Temple Co., 105 Mich. 400, 63 N. W. 408, relied upon by respondent. While the supreme court of Michigan does not say that the contract sought to be enforced in that action was absolutely void, it does hold that the claim or contract was one expressly prohibited by law, and one which is clearly at variance to the settled policy of that state. In that case, also, the action was instituted by a receiver appointed by a court of a foreign state. From these conclusions it necessarily follows that the decision of the learned circuit court sustaining the demurrer was erroneous. The order of the circuit court sustaining the demurrer is reversed.