## Root *et al* v. Sweeney.

1. Under Comp. Laws, § 5239, providing that a case remanded by the Supreme Court for new trial or further proceedings in the trial court shall be dismissed if no proceedings are had therein within a year, etc., the mere filing of the remittitur and record by the clerk does not constitute "further proceedings" so as to prevent a dismissal of the cause after the lapse of a year.

2. The mere fact that a defendant, in an action for a personal judgment, failed to file an answer after the case was remanded by the Supreme Court for the trial court's error in sustaining a demurrer to the complaint, does not excuse plaintiff's failure to prosecute the action within the time limited by statute.

3. An order was entered in an action permitting the substitution of parties plaintiff and the serving of an amended complaint. Defendant demurred to the complaint, but on appeal the lower court's action in sustaining the demurrer was reversed and the case was remanded. Held, that the filing of a motion by defendant to vacate the court's order allowing the substitution of plaintiff's just before the appeal was perfected did not excuse plaintiffs from prosecuting the action, after it was remanded, within the time limited by statute.

4. Plaintiffs brought an action at law in the state courts to recover on a guaranty in a contract of agency, and afterwards instituted an equitable action in the federal court against defendant to charge him as a trustee and subject certain judgments to the payment of the debt involved in the law action. Held, that the pendency of the equitable suit did not

excuse plaintiffs from prosecuting the law action, after being remanded on appeal, within the time limited by statute.

5. The mere fact that a defendant, against whom a personal judgment is sought, is insolvent does not excuse a failure to prosecute the action, after being remanded on appeal, within the time limited by statute.

(Opinion filed July 1, 1903.)

Appeal from circuit court, Pennington county; Hon. Levi McGee, Judge.

Action by Elliott M. Root and others against Thomas Sweeney to recover on a contract of guaranty. From an order sustaining a motion to dismiss the action, plaintiffs appeal. Affirmed.

*Schrader & Lewis*, for appellants.

Upon the reversal by the Supreme Court of the order of the court below sustaining defendant's demurrer to the amended complaint and remanding the case for further proceedings, the case stood in the court below precisely as it would have stood if the court below had overruled the demurrer. The defendant from that moment was in default of an answer; the complaint stood confessed. Corwin v. Carson, 13 S. D. 550. 14 Enc. Pl. & Prac. 936; Edwards v. Edwards, 22 Ill. 121. Hidden v. Jordan, 28 Cal. 301.

The law requires both the court and litigant to take notice of the judgment of reversal, and its entry in the court below. 6 Enc. Plea & Prac. 913-914; Robb v. Jewell; How. Prac. 276. Jackson v. Wilson, 9 Johns 265.

Where the initiative is on the defendant and he has failed to notice for hearing or move with reasonable diligence or has acquiesced in the delay, this, is held to be an excuse for plaintiffs, and the motion should properly be denied. 6th Enc. Plea & Prac. 916; Dixon v. Rutherford, 26 Ga. 153; Butts v.

Campbell, 18 How. Pr. 88; Winchell v. Martin, 14 Ab. Prac. U. S. 47; Moeller v. Bailey, 14. How. Prac. 3 9; Lee v. Brush, 3rd Code Rep 165; McCarthy v. Hancock, 6th How. Prac. 28; Detherige v. Earle, 4 S. C. 310; Heymer v. Arthur, 7 N. Y. S. 4, 7; Jucot v. Marks 57 N. Y. S. 904.

The granting of the motion in these cases, whether made under the common law or under code procedure is wholly discretionary with the court. 6 Ency. Plea. & Prac. 914 915.

*C. W. Brown* and *Wood & Buell* for respondent.

The defendant was not in default, because no proceedings were ever had upon the remittitur, and no order was ever made fixing the defendant's time to answer, or denying him that right. §§ 5238, 5229, Comp. Laws; Trowbridge v. Sickler, 48 Wis., 428; Seacord v. Morgan, 17 How. Pr., 394. and note; McGregor v. Buell, 33 How. Pr., 450; Jackson v. Johnson, 7 Cowan, 419; Robb v. Jewell, 6 How. Pr , 276; Noonan v. Orton, 31 Wis. 264.

The order of dismissal was rightly entered, because good cause for not taking proceedings in the circuit court within one year from the date of the decision of the supreme court was not shown. § 5239 Compiled Laws; Christianson v. Pioneer Furniture Co., 77 N. W., 174; Same v. Same (on rehearing) 77 N. W., 917; Whereatt v. Ellis, 55 N. W., 407; Packard v. Backus, 53 N. W. 450; Trowbridge v. Sickler, 48 Wis., 424; Bonesteel v. Orvis, 31 Wis., 117; Walsh v. Dart, 19 Wis., 433; Jackson v. Johnson, 9 Cowen, 419; Robb v. Jewell, 6 How. Pr. 276.

Failure to make a motion at the time named in the notice is a waiver of the right to make it under that notice. 14 Ency. Pl. & Pr , 145. 163; Allen v. Beckman, 42 Wis., 185; Vernovy v. Tanney 3 How. Pr., 359.

HANEY, P. J.    This action was commenced in 1892 by. and in the name of a California corporation.    In 1897 the present plaintiffs were substituted for the corporation, and allowed to serve an amended and supplemental complaint, to which defendant demurred on the ground that the plaintiffs had not legal capacity to sue.    The demurrer was sustained.    On appeal this court reversed the order of the circuit court, and remanded the action for further proceedings according to law and its decision, wherein the nature of the action is fully disclosed. Root v. Sweeney, 12 S. D. 43, 80 N. W. 149.    The remittitur was filed below on December 18, 1899.    No proceedings were had until February 21, 1901, when the defendant moved to dismiss the action for failure to prosecute, which motion was granted, and the plaintiffs appealed.

It is conceded that nothing was done in the circuit court after the reversal, except the filing of the remittitur, until defendant's motion to dismiss was made, more than one year from the date of the decision by this court, and more than one year from the filing of the remittitur in the office of the clerk of the circuit court.    It is also conceded that the order appealed from rested in the sound discretion of the lower court, and should .not be reversed unless it appears that there was abuse of such discretion.    The statute reads thus:    "In every case in error, or on appeal, in which the Supreme Court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court, and proceedings had therein within one year from the date of such order in the Supreme Court, or in default thereof, the action shall be dismissed, unless upon. good cause shown, the court shall otherwise order."    Comp. Laws, § 5239.

It requires no argument to demonstrate that the mere filing of the remittitur and recor  by the clerk does not constitute "further proceedings" within the meaning of the statute.  The arrival and deposit of the papers in the office of the clerk of the circuit court certainly cannot be construed as a step taken by the court in determining the rights of the parties and issues involved.  Further proceedings having been ordered, and none had within the year, the action should have been dismissed, unless good cause was shown for ordering otherwise.

The litigation was initiated by the plaintiffs for the purpose of obtaining a personal judgment.  Defendant was not interested in having it properly prosecuted.  The plaintiffs alone were injured by the dismissal.  They were bound to proceed within the year, unless prevented by some cause for which they were not responsible.  Has any such cause been shown?  We think not.  No fraud, accident, or mistake has been alleged.  The contention that the action should not have been dismissed because the defendant was in default by having failed to answer the amended complaint after the cause was remanded is clearly untenable.  If he was in default the plaintiff's delay was all the more inexcusable, because the prosecution of the action was thereby rendered less difficult.

Nor is the contention tenable that the plaintiffs were excused from proceeding for the reason that a motion, noticed by the defendant on the same day, but before the former appeal was perfected, to vacate the order allowing the substitution of parties plaintiff and serving of the amended complaint, had not been brought on for hearing or heard by the court.  It is difficult to comprehend how any serious consideration could be given such a motion made after the defendant had demurred to

the amended complaint, but, however this may be, assuming such motion to have been pending, would that have excused the plaintiffs? Certainly not. It would not in any manner have prevented them from proceeding to obtain the judgment they sought.

Street talk between the attorneys of the respective parties, relative to a settlement, which resulted in no agreement, oral or otherwise, did not justify the delay. An attorney may bind his client to any agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable, except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court. Comp. Laws, § 467. In the case at bar there was no competent evidence of an agreement; indeed, no sufficient evidence of even an oral agreement; and therefore nothing looking towards a settlement (assuming that the attorneys of the defendant were authorized to settle) upon which the plaintiffs or anyone else had a right to rely.

The fact that an equitable action was pending in the United States court, wherein it was sought to charge the defendant as a trustee of the plaintiffs and subject certain judgments to the payment of the debt involved in this action, affords no reason for a failure to prosecute this action. We do not understand that the pendency of that suit would have interfered with the progress of this, but, if it would have, the plaintiffs were responsible for such interference, having themselves instituted the equitable action after this one was commenced.

The fact that defendant was insolvent, if such was the fact may have rendered the procurement of a personal judgment

against him less desirable, but it could not have in any manner retarded the plaintiffs in proceeding to procure such a judgment. We think the plaintiffs have shown no cause for their failure to prosecute for which they were not themselves responsible, and that the learned circuit court was entirely justified in dismissing the action. In any event, there was no reversible abuse of discretion.

The order appealed from is affirmed.