# Richmond.

## THURMAN v. COMMONWEALTH.

### January 23, 1908.

1. CRIMINAL LAW—*Venire Facias—List—"Of His County or Corporation"*—A writ of *venire facias* which directs a sergeant to summon "sixteen persons from the list attached," which is the list required to be drawn from the box provided by sections 3142 and 3144 of the code, necessarily requires that such persons be "of his corporation," as only residents of his corporation are included in the list from which he is directed to summon sixteen. The writ and the list attached constitute the writ of *venire,* and are to be read together.

2. CRIMINAL LAW—*Venire Facias—When to be Returnable.*—A writ of *venire facias,* returnable to the second day of the term of a trial court is not for that reason invalid on its face as the court or the judge in vacation had the right to direct it to be so returnable, and, if no ground is assigned in the trial court for quashing the writ, it will be presumed in this court that the judge in vacation directed the writ to be returnable to the second day of the term.

3. JURORS—*Incompetency—Objection After Verdict*—The objection that a juror is not competent because of some personal incapacity, comes too late after verdict, and is not good ground for a new trial.

4. CRIMINAL LAW—*Evidence—Incriminating Circumstances.*—E v i d e n c e that deceased had a large sum of money just before he was killed, but that none was found on his person or among his effects after he was murdered, and that the accused had no money before the death of the deceased, but did have money after, is competent as tending to incriminate the accused when he is otherwise connected with the crime.

5. CRIMINAL LAW—*Insanity—Irresistible Impulse.*—Irresistible impulse to excuse crime must spring from a diseased mind, in other words, must be an insane impulse. It is not error to refuse to substitute "injured mind" for "diseased mind" in this connection.

Opinion.

6. CRIMINAL LAW—*Murder—Indictment—Record.*—Whether an indictment for murder be of one degree or another is to be determined from an inspection of the indictment itself, and not from the memorandum which the clerk makes on the record of the finding of the indictment. The memorandum is no part of the indictment.

7. CRIMINAL LAW—*Murder—Indictment—Harmless Error.*—One who has been convicted of murder of the first degree upon sufficient évidence cannot raise the objection that the indictment charged him with murder of the first degree, instead of murder generally. It is a matter of no concern to him.

8. CRIMINAL LAW—*Verdict—Open Court—Presence of Prisoner.*—It sufficiently appears from the record in this case that the verdict of the jury was rendered in open court and in the presence of the accused. The record states that the jury "retired to their room to consider of their verdict, and after some time they returned into court, having found a verdict in the following words: 'We the jury find the prisoner guilty of murder in the first degree, as charged in the within indictment.' And, thereupon, the prisoner moved the court for a *venire facias de novo,* and that a new trial be granted him, the further hearing of which is adjourned. And the said Leo C. Thurman *alias* F. C. Gould, is remanded to jail."

9. CRIMINAL LAW—*Bills of Exception—Presence of Prisoner.*—It is not necessary for a prisoner in a felony case to be present in person when bills of exception are presented to and signed by the judge.

Error to a judgment of the Corporation Court of the city of Norfolk.

*Affirmed.*

The opinion states the case.

*James G. Martin,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson,* for the commonwealth.

HARRISON, J., delivered the opinion of the court.

The evidence upon which the plaintiff in error was convicted of murder in the first degree is not before us, and the action

of the lower court in overruling the motion for a new trial, is not made a ground of objection in this court.

A number of exceptions were taken to rulings made upon the trial, relating chiefly to matters of procedure. The first of these objections is that the court erred in overruling the motion of the accused to quash the first writ of *venire facias.* In support of this contention it is insisted, (1) that there was a fatal omission of the words "of his corporation" from the writ; and (2) that the writ was made returnable on the second, instead of the first, day of the term of the court.

It is true the writ does not, in the language of section 4018 of the Code, command the sergeant to summon sixteen persons "of his county or corporation," but it requires him to summon "sixteen persons from the list attached," which is the list required to be drawn from the box provided for by sections 3142 and 3144 of the Code. Under section 3142, only the names of inhabitants of the county or corporation where the trial court is held can be placed in the box; hence, when the writ directed the sergeant to summon "sixteen persons from the list hereto attached," it necessarily commanded him to summon sixteen persons of his corporation, because only residents of "his corporation," were included in the list from which he was directed to summon sixteen. The writ with the list attached constituted the writ of *venire.* The two are to be read together. See *State v. Alderson,* 10 Yerger, (Tenn.), 523.

It is also true that, in the body of the writ, the sergeant was directed to summon sixteen persons to appear before the judge of the corporation court of the city of Norfolk, on the second day of the June term thereof. The statute provides that the sixteen persons shall be summoned to attend the court "on the first day of the next term thereof, or at such other time as the court or judge may direct." The record does not show any express direction by the judge or the court that the jurors should be summoned to the second day of the term; but it shows that

the writ was issued in the vacation preceding the term, for a *venire* for the trial of all the cases to be tried at the following term; and as the court, or the judge in vacation, had the right to direct the writ to be made returnable to a day other than the first day of the term, it is not invalid on its face; and as no ground was assigned in the trial court for quashing the writ, it must be presumed in this court, that the judge in vacation had directed it to be made returnable to the second day of the term. See *Wash's Case,* 16 Gratt. 530.

The second assignment of error is that the court erred in not granting the prisoner a new trial, because one of the jurors trying the case was not a citizen of Norfolk, where the crime was committed, but was a citizen of Portsmouth. This assignment is based upon the fact that one of the persons summoned by the sergeant under the second *venire,* issued by direction of the court, though regularly engaged in business in the city of Norfolk for more than six months prior to the trial, was not a voter there, and had probably retained his legal domicile in the city of Portsmouth.

The statute (Code, sec. 4018) provides that no irregularity or error in making out the list shall be cause for summoning a new panel, or for setting aside a verdict or granting a new trial, unless objection thereto was made before the jury was sworn, and unless it appears that such irregularity, error or failure was intentional, or is such as to probably cause injustice to the commonwealth or to the accused.

There is no suggestion in the record that the summoning of the juror in question was with the knowledge that he was a citizen of Portsmouth, or that his being placed upon the jury, by possibility, caused injustice to the accused. Further, this objection comes too late. It was made, not only after the jury was sworn, but after the case was tried. The objection that a juror is not competent because of some personal incapacity, comes too late after a verdict and conviction, and is not good

ground for setting the verdict aside and granting a new trial. *Poindexter's Case,* 33 Gratt. 766; *Hite's Case,* 96 Va. 489, 31 S. E. 895. See also *Doyle Case,* 100 Va. 808, 40 S. E. 925.

The third assignment of error is to the action of the court in admitting a receipt given by the deceased to the Naval Young Men's Christian Association of Norfolk for $130.00, and other evidence tending to show that the deceased had received a considerable sum of money a few days before he was murdered.

The theory of the commonwealth was that the accused had murdered the deceased for his money; and this and other evidence was introduced to show that shortly before his death, the deceased had considerable money in his possession; that the accused had no money before the death of the deceased; that the accused had money after the death of the deceased; and that no money was found upon the person of the deceased or among his effects after he was murdered.

The evidence as to the payments made to the deceased was competent as proving circumstances which became incriminating when the accused was connected with the crime. See *Kennedy v. People,* 39 N. Y. 245.

The fourth assignment of error is to the action of the court in inserting the words italicized in the following instruction: "The court instructs the jury, that, even if they believe from the evidence that the defendant killed Dolsen, as charged in the indictment, nevertheless, if the jury believe from the evidence that at the time of such killing the defendant was suffering from such insanity that he did not understand the nature and consequence of such killing, or that from such insanity he did not possess will power sufficient to restrain his impulse *arising from a diseased mind,* they must find the defendant not guilty, on the ground of insanity."

After the instruction was modified by the insertion of the italicized words, the accused moved the court to substitute the word "injured" for the word "diseased," making the italicized

words read, "arising from an injured mind"; the contention being that the evidence tended to show that in the year 1903 the accused had received a blow on the head which injured his mind.

There was no error in the refusal of the court to make this change. The language of the instruction is in accordance with the established doctrine on the subject of insanity as a defense against crime, and the expression "diseased mind" was more apt and accurate than the words "injured mind." The modification by the court was, properly, to inform the jury that in order to acquit the prisoner upon the plea of insanity, the jury must be satisfied that the accused, in committing the deed, was controlled by an irresistible impulse "arising from a diseased mind;" in other words, was impelled by an insane impulse. See *De Jarnette's Case*, 75 Va. 867.

The fifth assignment of error is that the grand jury returned an indictment for murder in the first degree. This objection is without merit. The memorandum made by the clerk in the record does say that the indictment was for murder in the first degree, but this memorandum is no part of the indictment, and was never seen by the jury. The indictment speaks for itself, and is in proper form. It was sufficient to sustain a conviction of murder in the first degree, but, under it murder in the second degree, or some grade of homicide, not amounting to murder, might have been proved, so far as the indictment is concerned. This objection does not concern the accused, as he has been convicted of murder in the first degree upon evidence which, for the purposes of this appeal, must be presumed to have been sufficient.

The sixth assignment or error is that the record does not show that the verdict was rendered in open court.

The record shows that on June 11, 1907, the jury, in charge of the sergeant, in pursuance of their adjournment, appeared in court, and having heard the evidence in full and the arguments

of counsel, "retired to their room to consider of their verdict, and after some time, they returned into court, having found a verdict in the following words: 'We, the jury, find the prisoner guilty of murder in the first degree, as charged in the within indictment.' And thereupon the prisoner moved the court for a *venire facias de novo,* and that a new trial be granted him, the further hearing of which is adjourned. And the said Leo C. Thurman, *alias* F. C. Gould, is remanded to jail."

It sufficiently appears from this minute of the proceedings that the verdict of the jury was rendered in open court, in the presence of the accused, who thereupon submitted his motions for a *venire facias de novo,* and a new trial, the further hearing of which was adjourned and the prisoner remanded to jail.

The seventh and last assignment of error is, that the record shows that the prisoner was not present in person, but merely by counsel, when the bills of exception were presented to the court, and made a part of the record.

A sufficient answer to this objection is that it is not necessary for the prisoner to be present in person when the bills of exception are presented to and signed by the judge. This is often done in vacation. The rights of the accused are in no way prejudiced by the bills of exception being signed by the judge in his absence, and to require his presence on the occasion would result often in great inconvenience.

The excellent brief of the learned attorney-general has been most helpful in the preparation of this opinion.

The judgment is affirmed.

*Affirmed.*