## MEADOWS et al. v. OSTERKAMP et al.

The Supreme Court will take judicial notice that terms of court are appointed in a certain county to be held on the first Tuesdays in March and September.

An alleged stipulation to continue a cause signed by attorneys of one of the parties, and not by the other, is wholly void.

Under Code Civ. Proc. § 465, providing that a case remanded by the Supreme Court for further proceedings in a trial court shall be dismissed if no proceedings are had therein within a year, unless, upon good cause shown, the court shall otherwise order, an affidavit of respondent's attorney tending to show an oral agreement for a written stipulation for continuance being absolutely void does not constitute a showing of good cause upon which the court could refuse to dismiss.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Sully County. Hon. Lyman T. Boucher, Judge.

Action by George Meadows and another against Lorenze Osterkamp and others. From an order denying defendants' motion to dismiss, they appeal. Reversed and remanded, with directions.

*Albert Gunderson,* for appellant. *John Sutherland,* for respondents.

SMITH, J. Action to cancel a tax deed as a cloud on plaintiff's title. The issues raised by the pleadings appear to have been tried to a jury and a verdict rendered September 14, 1901. Judgment was entered for plaintiffs March 18, 1903, from which an appeal was taken by defendants, who are appellants here. The judgment of the trial court was reversed by this court on May 31, 1905, and a new trial ordered. Remittitur was sent down from this court on June 30, 1905, and filed with the clerk of court of Sully county on July 3, 1905. A term of court was held in Sully county after July 3, 1905, and prior to June 30, 1906, though the record fails to disclose the date said term was actually held. It does disclose, however, that said cause was not tried at said term, and that no proceedings have been had in said cause since the remittitur was filed, and no action whatever, except as hereinafter stated, has been had by either party to bring the cause on for trial. On August 6, 1906, appellants served on respondents a notice of motion to dismiss this action for want of prosecution under the provisions of section 465, Code Civ. Proc., which motion was

brought on for hearing September 4, 1906, at a term of court in Sully county. This motion was based on all the record, files, and proceedings theretofore had in said causes. On August 23, 1906, respondents' attorney served on appellants' attorney a notice of trial for the September term, 1906, as disclosed by the abstract, but it does not appear that the notice of trial or any note of issue was ever filed with the clerk. Upon the hearing of the motion to dismiss on September 4, 1906, respondents' attorney appears to have presented said notice of trial and note of issue to the court together with an affidavit sworn to by respodnents' attorney, John Sutherland, to the effect that on March 31, 1906, he entered into negotiations for a written stipulation for a continuance of said cause to the next September term; that he signed said stipulation and left it with Gunderson, appellants' attorney, who agreed to sign it but failed to do so, of which fact affiant had no notice until August 1906; that because of the alleged stipulation and certain negotiations for settlement affiant did not attend the April term of court in Sully county. To the offer of this affidavit appellants' counsel objected on the ground that it was not admissible under the statute for the purpose of proving a stipulation or any agreement binding on the parties, and, without waiving said objection, also offered in rebuttal an affidavit absolutely denying all the allegations of Sutherland's affidavit. No ruling on this objection is disclosed by the record, but on September 5, 1906, the trial court entered an order denying appellants' motion to dismiss the action, which was excepted to and was attested and filed on September 6, 1906. On October 10, 1906, the defendants duly perfected an appeal from the order.

We think the trial court erred in overruling the motion to dismiss. It is not even claimed by respondents that any written stipulation was ever actually signed by the parties to continue the trial of the cause to the September term. This court will take judicial notice that terms of court are appointed in Sully county to be held on the first Tuesdays in March and September, and the record before us does not show that such terms were not held. The remittitur from the Supreme Court in this cause was filed July 3, 1905. No proceedings appear to have been taken by plaintiffs to bring

the action on for trial at the September term, 1905, and nothing further appears to have been done until March, 1906, when, as alleged in respondents' said affidavit, certain oral negotiations were had relating to a proposed written stipulation for a continuance to the September term, 1906. The alleged stipulation in writing, even if signed by respondents, but not by appellants, was wholly void and ineffectual, and could not have been properly received in evidence over objection for any purpose whatever. The statute in terms requires a dismissal of the action where a new trial is ordered by the appellate court, and no proceedings are had in the trial court within one year from the date of such order in the Supreme Court, "unless upon good cause shown the court shall otherwise order."

It may be conceded, as held by this court in Root et al. v. Sweeney, 17 S D. 182, 95 N. W. 916, that the order appealed from rests in the sound discretion of the trial court, and should not be reversed unless it appears that there has been an abuse of such discretion. But, as was said in that case, "the litigation was initiated by the plaintiffs for the purpose of obtaining a personal judgment. Defendant was not interested in having it properly prosecuted. The plaintiffs alone were injured by the dismissal. They were bound to proceed within the year unless prevented by some cause for which they were not responsible. Has any such cause been shown? We think not. * * * An attorney may bind his client to any agreement in respect to any proceeding within the scope of his proper duties and powers, but no evidence of any such agreement is receivable except the statement of the attorney himself, his written agreement, signed and filed with the clerk, or an entry thereof upon the records of the court. Comp. Laws 1887, § 467. In the case at bar there was no competent evidence of an agreement." The authority of the trial court in the case at bar to refuse to grant the motion to dismiss the action must rest upon good cause shown. Upon the expiration of the year within which further proceedings in the action must be had, "or in default thereof the action shall be dismissed," the moving party is entitled to a dismissal "unless upon good cause shown the court shall otherwise order." It is true the trial court is vested with a sound discretion

in determining what shall constitute good cause. But the law does not authorize the trial court to deny a motion to dismiss when no good cause is shown, much less when no cause whatever is shown. The affidavit of respondents' attorney, tending to show an oral agreement for a written stipulation for continuance of the trial to the September term of court, was absolutely incompetent for any purpose in the case, and could no more constitute a showing of "good cause" upon which the court could refuse to dismiss than it would constitute a good ground for a continuance. No other proceeding whatever is shown by the record except the service of notice of trial by plaintiffs' attorney on August 23, 1906, but the year within which some proceeding in the action must be taken had expired in July previous to such service, and such notice was irrelevant upon this motion. The record does not disclose an acceptance of such service by appellants' counsel. Upon the whole record before us, we are unable to discover good cause, or any cause, which would justify the trial court in refusing to dismiss the action.

The order of the court is reversed, and the cause remanded, with directions to the trial court to enter an order dismissing the action.