STATE OF IOWA, Appellee, v. CLAIR SWANK, Appellant.

No. 45488.

FEBRUARY 11, 1941.

Charles C. Ayres, Jr., and W. Keith Cash, for appellant.

John M. Rankin, Attorney General, Newton W. Roberts, County Attorney, and John D. Moon, Assistant County Attorney, for appellee.

STIGER, J.—About noon on September 29, 1939, Arthur Geifman, a young man 22 years of age, employed as a clerk in Henry's Shoe Store in Ottumwa, Iowa, was found in a dying condition back of the cash register in the shoe store. He had been shot through the head. The wound caused his death about 1:30 in the afternoon of September 29th.

I. Defendant's principal contention here is that the verdict is contrary to the evidence, that the evidence is insufficient to sustain the verdict. The State's case rests on circumstantial evidence. Defendant did not testify.

We will refer to a portion of the State's evidence. The bullet removed from the head of deceased, identified as Exhibit P-2, was a .32 caliber bullet. On October 5, 1939, a police officer found a .32 caliber Iver-Johnson revolver, identified as Exhibit P-3, in a suitcase under the bed in defendant's room. The two exhibits were sent to the Federal Bureau of Investigation in Washington. The special FBI agent who examined the exhibits testified:

"Exhibit P-7 is a test bullet fired from the submitted revolver, Exhibit P-3, * * *. I found that the markings of Exhibit P-2 and P-7 were similar. Twelve matching accidental characteristics are sufficient to identify an evidence bullet and a test bullet. I observed approximately 50 matching characteristics between P-2 and P-7. * * * As a result of my examination, I found that the evidence bullet, P-2, was fired from the submitted revolver P-3."

One witness testified he saw the gun in defendant's room in

his suitcase about two weeks prior to the tragedy. Another witness testified he saw the revolver in defendant's possession in his room in August 1939.

About fifteen minutes to twelve on September 29, 1939, Arthur Geifman sold a pair of shoes for $5.00. A witness testified in substance that she first observed defendant "slouched" against the north side of the entrance to the shoe store as she was approaching the store in an automobile about fifteen minutes to twelve. The car proceeded about 50 feet north of the store where it was parked at the curb. The occupants got out of the automobile and went to a restaurant for lunch. When the witness was on the curb, she observed defendant had moved to the south side of the entrance to the shoe store. She estimated the period of time she saw defendant at the front door was about ten minutes. She testified:

"The last I saw of this man he was just standing there, rather slouched, at the south side of the entrance. He was looking directly at me. The last time I looked the man was gone."

This witness identified the defendant as the man she saw at the front door of the shoe store. It was probably about five minutes to twelve when she last saw defendant. Arthur Geifman was shot sometime between five minutes to twelve and five minutes after twelve. The physician who was called and arrived at the store a few minutes after twelve stated: "The boy could have been there [behind the cash register] less than fifteen minutes." Defendant had been out of employment and was broke on the day preceding the murder and spent money rather freely for four or five days thereafter. When deceased left his home on the morning of September 29th, he had $40 with him. After the homicide, only a few pennies were found in the cash register and no money was found on the person of the deceased. Deceased was under surveillance by defendant for fifteen or twenty minutes prior to the time he was shot. We are of the opinion that the verdict is not clearly against the weight of the evidence and that there is ample evidence to sustain it.

II. Defendant asserts the court erred in permitting the father of deceased to testify as to the sum of money he left home with on the morning of September 29th and that no money

was found on his person at the hospital; in admitting evidence of the sale of the shoes at fifteen minutes to twelve and that defendant had been unemployed and was without funds the day before the murder. This evidence was admissible as it tends to support the theory of the State that robbery was the motive for the homicide. The record suggests no other motive. State v. Shelton, 223 Mo. 118, 122 S. W. 732; Fouse v. State, 83 Neb. 258, 119 N. W. 478; Thurman v. Commonwealth, 107 Va. 912, 60 S. E. 99; Shumway v. State, 82 Neb. 152, 117 N. W. 407; State v. Gruber, 19 Ida. 692, 115 P. 1; People v. Rongo, 169 Cal. 71, 145 P. 1017; Michie on Homicide, Vol. 1, pages 748 and 749.

III. Defendant claims the court erred in refusing a new trial on the ground of newly discovered evidence. Under the statute, section 13944, 1939 Code, newly discovered evidence is not a ground for granting a new trial in a criminal case. State v. Bowman, 45 Iowa 418; State v. Burgor, 94 Iowa 33, 62 N. W. 696; State v. Lee, 80 Iowa 75, 45 N. W. 545, 20 Am. St. Rep. 401; State v. Cater, 100 Iowa 501, 69 N. W. 880; State v. Dimmitt, 88 Iowa 551, 55 N. W. 531; State v. Pavey, 193 Iowa 985, 188 N. W. 593; State v. Barrett, 197 Iowa 769, 198 N. W. 36; State v. Tracy, 219 Iowa 1412, 261 N. W. 527.

Section 13944, subsection 8, reads: "When from any other cause the defendant has not received a fair and impartial trial."

This court has indicated that under this provision of the statute in an exceptional case, a showing might be made that the inability of a defendant in a criminal case to produce certain evidence at the trial, which was afterwards discovered, prevented him from having a fair trial with such certainty that the trial court may, in the exercise of sound discretion, grant a new trial. State v. Pell, 140 Iowa 655, 669, 119 N. W. 154, 159; State v. Foster, 91 Iowa 164, 59 N. W. 8; State v. Siegel, 221 Iowa 429, 436, 264 N. W. 613, 617. But the newly discovered evidence herein, upon which appellant relies, was insufficient to justify such action.

Finding no error, the case is affirmed.—Affirmed.

HALE, C. J., and BLISS, MILLER, GARFIELD, OLIVER, and MITCHELL, JJ., concur.

WENNERSTRUM, J., takes no part.