## REX BUGGY CO. v. DINNEEN.

Under Code Civ. Proc. § 465, providing that, when the Supreme Court shall order a new trial, proceedings for a new trial shall be had within one year from the date of the order, or, in default thereof, the action shall be dismissed, unless upon good cause shown the court shall otherwise order, the mere failure to proceed within the prescribed period does not operate to dismiss the action, since the statute contemplates that the court may for good cause shown decline to dismiss.

Under Code Civ. Proc. § 465, the question of whether good cause in not moving for new trial after remand has been shown is one addressed to the sound discretion of the trial court depending on the facts of the particular case, and its decision should not be reversed unless it has abused such discretion.

A trial court did not abuse its discretion in denying a motion to dismiss an action because proceedings for a new trial were not taken as required by Code Civ. Proc. § 465, within one year after a new trial was ordered by the Supreme Court, where it appeared that, after the first trial, the firm of attorneys who had represented plaintiff was dissolved, a member who had personal charge of the case being appointed judge, that the last term of court within the year, after the order of the Supreme Court, was held by such former member of the partnership, who by reason of his former connection with the case, was disqualified to act, and that plaintiff and his counsel had acted in good faith.

(Opinion filed, February 29, 1912.)

Appeal from Circuit Court, Beadle County. Hon. J. H. Bottum, Judge.

Action by the Rex Buggy Company against Stephen D. Dinneen. From an order overruling a motion to dismiss the action, defendant appeals. Affirmed.

*A. W. Wilmarth,* for appellant. *Gardner, Fairbank & Churchill,* for respondent.

HANEY, J. On June 26, 1909, this court affirmed an order of the circuit court granting the plaintiff's application for a new trial in this action and remanding the cause for further proceedings according to law and its decision. Rex. Buggy Co v. Dinneen, 23 S. D. 474, 122 N. W. 433. The record and remittitur were filed in the circuit court January 31, 1910. During the December, 1910, term of that court the defendant moved to dismiss the action on the ground that no proceedings were had therein within the time prescribed by the statute. The motion was overruled and this appeal taken.

The statute provides: "In every case in error, or on appeal, in which the supreme court shall order a new trial, or further proceedings in the court below, the record shall be transmitted to such court, and proceedings had therein within one year from the date of such order in the supreme court, or in default thereof, the action shall be dismissed, unless upon good cause shown, the court shall otherwise order." Rev. Code Civ. Proc. § 465.

[1] Mere failure to proceed within the prescribed period does not operate to dismiss the action. Notwithstanding such period may have expired without such proceedings as the statute contemplates, the court may, "upon good cause shown," decline to dismiss.

[2] Whether good cause has been shown is a question addressed to the sound discretion of the trial court, depending on the facts of the particular case, and its decision should not be reversed in absence of clear abuse of discretion. Root v Sweeney, 17 S. D. 179, 95 N. W. 916. The reasons for this rule are especially cogent when the court declines to dismiss, leaving the cause to be tried upon its merits.

[3] The circumstances in the case at bar are exceptional. When the action was tried in the circuit court, the plaintiff was

represented by Crawford, Taylor & Fairbank. Mr. Taylor prepared the brief on the former appeal. In November, 1908, the firm of Crawford, Taylor & Fairbank was dissolved; Mr. Taylor having been appointed judge of the Ninth judicial circuit, and Mr. Fairbank becoming a member of the firm of Gardner, Fairbank & Churchill, the present attorneys for the plaintiff. Mr. Taylor having had personal charge of the case before his appointment, Mr. Fairbank's failure to have the cause promptly remanded was quite excusable. Though there may be some apparent conflict in the affidavits, the court below would be justified in believing that Judge Taylor's attention was called to the situation of the case by Mr. Fairbank, in open court, before the expiration of one year from the date of the order of this court remanding the cause for further proceedings. Judge Taylor could make no order in the action affecting the substantial rights of either party without impropriety, if not reversible error. Mr. Fairbank could not secure the services of another judge or determine when the cause should be tried. Proper proceedings could not be had in absence of a qualified judge. If any one was at fault for the failure to secure such a judge during the June, 1910, term of the circuit court, wherein the action was pending, which commenced June 14, 1910, it was Judge Taylor, and not Mr. Fairbank. A judge who was qualified to act was secured at the next succeeding term. Such judge, after considering all the facts and circumstances, concluded that, good cause was shown why the action should not be dismissed. It clearly appeared that the plaintiff and his counsel had acted in good faith. In view of all the circumstances, this court cannot conclude that the discretion of the learned trial judge, who entered the order appealed from, was exercised on grounds, or for reasons, clearly untenable, or to an extent, clearly unreasonable. Root v. Bingham, 26 S. D. 118, 128 N. W. 132. Though there may have been no such proceedings in the circuit court as are con-

templated by the statute, within the prescribed time, there was no abuse of discretion in declining to dismiss the action. So the order appealed from must be affirmed.

WHITING, J., taking no part in the decision.