CHAPMAN, Respondent, v. HILL, et al., (Hill, Appellant.)

(162 N. W. 931.)

(File No. 4051.   Opinion filed May 26, 1917.)

1.   **Appeals—Error—Failure to Prosecute After Remand—Dismissal, Whether Motion Necessary?—Statute.**

Where, after remand by Supreme court for a new trial, plaintiff failed to proceed with her action within one year, pursuant to Code Civ. Proc., Sec. 465, **held,** that mere failure to proceed within one year did not operate as a dismissal of suit, but a motion to dismiss was necessary.

2.   **Same—Dismissal After Remand for New Trial—Cause on "Disqualified Calendar," Whether a "Proceeding"—Statute.**

Under Code Civ. Proc., Sec. 465, providing that in default of proceedings within one year after new trial granted by Supreme Court the action shall be dismissed, unless upon good cause shown court shall otherwise order, **held,** that where no steps were taken by plaintiff within a year after remand, except to have the cause placed on the "disqualified calendar" owing to disqualification of the circuit judge, and five years elapsed without further action, plaintiff lost her right to new trial.   **Held,** further, that the word "proceedings," in said statute means the proceedings contemplated by decision of Supreme Court, for which the case is remanded; and mere placing of cause on calendar does not satisfy the statute.

3.   **Evidence—Judicial Notice, by Supreme Court—Terms of Circuit Court.**

The Supreme Court takes judicial notice of the terms of circuit court fixed by statute for the several counties of the state.

Appeal from Circuit Court, Pennington County.   Hon. JAMES McNENNY, Judge.

Action by Nellie H. Chapman, against S. Josie Hill and another.   From an order overruling motion to dismiss the action, defendant Hill appeals.   Reversed.

*Frank D. Bangs,* for Appellant.

*Buell & Denu,* and *A. K. Gardner,* for Respondent.

(2) To point two of the opinion, Appellant cited:   Code Civ. Proc., Sec. 465; 25 Cyc. 990, note 39; Uhe v. Railway Company, 3 S. D. 563; Root v. Sweeney, (S. D.) 95 N. W. 916; Bessie v. Railway Company, (S. D.) 121 N. W. 618.

Respondent cited:   Root v. Sweeney, 17 S. D. 179; Rex Buggy Co. v. Dinneen, 28 S. D. 640; Uhe v. Railway Co., 3 S. D. 563.

WHITING, J. Section 465, C. C. P., provides:

"In every case in error, or on appeal, in which the supreme court shall order a new trial, or further proceedings in the court below, the record shall be transmitted to such court, and proceedings had therein within one year from the date of such order in the supreme court, or in default thereof, the action shall be dismissed, unless upon good cause shown, the court shall otherwise order."

A judgment of this court granting a new trial to plaintiff was rendered herein in 1911. Chapman v. Greene, 27 S. D. 178, 130 N. W. 30. If anything at all was done within the year after the judgment of the court, it was but the placing of the cause upon what was known as the "special or disqualified" calendar of the trial court. This was done partly at request of plaintiff and partly because the judge of the particular court, Judge McGee, who had twice tried same, did not desire to again try the cause. Five years elapsed without any further action on plaintiff's part. Defendant then moved the dismissal of the cause. A judge from another circuit heard and passed upon such motion. It is from the order overruling such motion that this appeal was taken.

[1] A motion was necessary, as mere failure to proceed does not operate to dismiss the action. Rex Buggy Co. v. Dinneen, 28 S. D. 640, 134 N. W. 814. Two questions may arise upon such a motion: (1) Were "proceedings" taken within a year? (2) If not, was "good cause shown" excusing such failure? There being, upon the record before us, no dispute regarding what, if anything, was done within the year, we have as the first question for our determination, one purely of law.

[2] Without directly holding that the placing of the cause upon the "special" calendar was a "proceeding" under the statute, the trial court held that, when it was thus placed upon such calendar, it came under the ruling of this court in Rex Buggy Co. v. Dinneen, supra, and that, after it went upon such "special" calendar, "the failure to have it tried within the year was the fault of Judge McGee, and not the plaintiff, as Judge McGee, and no one else, could properly call in a judge to try the case." We are of the opinion that if Judge McGee was in any wise at fault for the delay that occurred after the expiration of the year, such

fault can avail plaintiff nothing, as she had already forfeited her right to maintain such action.

[3] We deem it too clear to be open to argument that the "proceedings" which the statute directs shall take place within the year are the proceedings contemplated by the decision of this court, which, in the case before us, was a new trial. While there might have been some preliminary matters, such as placing the cause upon the calendar, which in the regular course of events had to precede such trial, they constituted no part of the "proceedings" contemplated by such statute. Unless there was some good cause excusing the bringing of the cause to trial within the year, the plaintiff, at the penalty of a dismissal of her action, was bound to see that it was so brought on. Plaintiff made no move to bring this cause to trial within the year. The only thing she did was to use her influence in getting this cause put upon such "special or disqualified calendar." There is absolutely no evidence and no finding of the circuit court that even this step was taken prior to the expiration of the year, and the burden was on plaintiff to show "proceedings" within the year or else "good cause" for delay. This court takes judicial notice of the terms of circuit court fixed by statute for the several counties of the state. The remittitur from this court was filed in the circuit court April 18, 1911. The first term of the trial court fixed by statute to commence later than the judgment of this court was one to commence on the first Tuesday of November of that year. By statute going into effect July 1, 1911, the next term would commence in May, 1912. There is absolutely no evidence that even the step of putting this cause upon the "special" calendar occurred prior to the May, 1912, term. It follows that the record herein shows beyond dispute that no new trial was had within the year, and that plaintiff absolutely failed to show any cause, good or bad, for not attempting to bring the action on for trial at the November, 1911, term. Knowing for at least four months that the November term was the last one to be held within the year fixed by section 465, C. C. P., plaintiff was bound to act in accordance with such knowledge. As there was nothing upon which the lower court could base an exercise of discretion in passing upon this motion, its ruling refusing the motion was an error of law.

In the light of the views above expressed, it becomes unnecessary for us to consider what did or did not occur after the expiration of the year.

The order appealed from is reversed.