Jann Marie SEARS, Plaintiff
and Appellee,

v.

Ralph L. McKEE and Delores McKee,
Defendants and Appellants.

No. 13729.

Supreme Court of South Dakota.

Submitted on Briefs Sept. 8, 1982. `

Decided Nov. 10, 1982.

Woods, Fuller, Shultz & Smith, P.C., and Gary P. Thimsen and Arlo Sommervold, Sioux Falls, for plaintiff and appellee.

Davenport, Evans, Hurwitz & Smith and Carleton R. Hoy, Sioux Falls, for defendants and appellants.

FOSHEIM, Chief Justice.

Ralph and Delores McKee appeal from the trial court's order denying their motion to dismiss. We reverse and remand.

The motion was to dismiss Jann Marie Sears' amended complaint for failure to take "proceedings," pursuant to SDCL 15–30–16, within one year from the date of this court's order of November 19, 1980, 298 N.W.2d 521. That order reversed a judgment in favor of McKees and remanded the case for a new trial. SDCL 15–30–16 reads:

In every case on appeal, in which the Supreme Court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had therein within one year from the date of such order in the Supreme Court, or in default thereof, the action shall be dismissed, unless upon good cause shown the court shall otherwise order.

■ Sears argued below that proceedings had occurred within the year, referring the trial court to her amended complaint filed on February 17, 1981.[1] The McKees urged that according to *Chapman v. Hill,* 39 S.D. 58, 162 N.W. 931 (1917), the question of proceedings is one of law when the remand orders a new trial. In *Chapman,* 162 N.W. at 931, we held:

We deem it too clear to be open to argument that the 'proceedings' which the statute directs shall take place within the year are the proceedings contemplated by the decision of this court, which, in the case before us, was a new trial. While there might have been some preliminary matters, such as placing the cause upon the calendar, which in the regular course of events had to precede such trial, they constituted no part of the 'proceedings' contemplated by such statute.

*Chapman* stands as our most recent interpretation of SDCL 15–30–16. The Legislature has not indicated dissatisfaction with our *Chapman* interpretation by any substantial amendment.[2] Since no new trial was had within a year of this court's order remanding for a new trial, we conclude that proceedings were not had as required by SDCL 15–30–16.

■ That conclusion, however, is not dispositive. Under SDCL 15–30–16, *Chapman, supra, Rex Buggy Co. v. Dinneen,* 28 S.D. 640, 134 N.W. 814 (1912), *Meadows v. Osterkamp,* 23 S.D. 462, 122 N.W. 419 (1909), and *Root v. Sweeney,* 17 S.D. 179, 95 N.W. 916 (1903), even though proceedings are not had within a year, the trial court may nevertheless deny a motion to dismiss for good cause shown. Under the cases above cited, good cause is evidenced by an agreement admissible under SDCL 16–18–11,[3] fraud, accident, mistake, or some extraordinary circumstance for which the plaintiff is not responsible.

■ While Sears offered evidence to justify her failure to take further proceedings, it appears from the record that the trial court concluded the amended complaint satisfied the requirement of "proceedings" and thus did not reach the good cause issue. The trial court stated: "Obviously it all depends on what proceedings means. [Mr. Hoy] has one interpretation. [Mr. Thimsen] has another."; and "... I want to see if there has been any statutory language changed throughout the years, but really it's all going to depend on what the word proceedings means and what our Supreme Court contemplated the word to mean." Possibly most telling is the trial court's comment that:

1. On appeal Sears also argues that proceedings were had because she scheduled and took depositions. However, according to Sears' affidavit in opposition to McKee's motion to dismiss, both the scheduling and the taking occurred more than a year after this court's order. Under either *Meadows, infra* (occurrences after one year irrelevant on the proceedings issue) or *Chapman, infra,* this argument is without merit.

2. The Revised Code of 1919, § 3171, deleted the words "in error, or" immediately following "In

every case." Since then no change has been made in the statute.

3. SDCL 16–18–11 (*present codification of C.L. 1887, § 467, cited in Root and Meadows*) reads: An attorney and counselor at law has power to bind his client to any agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court.

There are two competing, quite contrary things that I have to be concerned about here. One is to try to find out maybe more clearly what the word proceeding means and, secondly, also to, I guess, protect the rights of the plaintiff party in this case because even before you made that motion of, I guess, general concept of the law I had already written down that the parties ought to litigate their claims on the merits and not be dismissed on it by the same tone.

SDCL 15–30–16 and the above-cited cases make no allowance for any concept favoring a litigation of claims on the merits. The consideration of the trial court is limited to two specific issues: were there proceedings and, if not, was there good cause for delay.

We accordingly reverse and remand for the trial court to determine whether Sears showed good cause for delay.

MORGAN and HENDERSON, JJ., concur.

WOLLMAN and DUNN, JJ., dissent.

WOLLMAN, Justice (dissenting).

I would affirm the order denying the motion to dismiss. As stated in the affidavit of plaintiff's counsel in resistance to the motion to dismiss, plaintiff's attending physician, whom plaintiff intended to call for the new trial, was out of the United States for an extended period of time during 1981 and thus would not have been available to testify had the trial been held prior to the expiration of the one-year period from date of remand of the original appeal. Likewise, the record reveals that plaintiff's counsel made several attempts to arrange with defense counsel a time for taking new depositions from the defendants. I would hold, therefore, on the basis of this unchallenged evidence that plaintiff had established as a matter of law good cause for the denial of the motion to dismiss. In reaching this conclusion, I of necessity disagree that SDCL 15–30–16 makes no allowance for the concept favoring a litigation of claims on the merits. To the extent that the cases cited in the majority opinion may manifest

a chary view of the concept favoring litigation of claims, I would depart from such a restrictive view, given this court's liberal attitude towards setting aside default judgments so that claims may be litigated on their merits. See, e.g., *Davis v. Interstate Motor Carriers Agency,* 85 S.D. 101, 178 N.W.2d 204 (1970). In the same vein, we have held that the sanction of striking a defendant's pleadings and entering a default judgment pursuant to SDCL 15–6–37(b) for failure of a defendant to comply with a discovery order is a remedy so drastic that it "should be applied only in extreme circumstances, and should not be liberally implemented in order to eliminate the actual trial of cases." *Chittenden & Eastman Co. v. Smith,* 286 N.W.2d 314, 316 (S.D.1979).

My more liberal interpretation of SDCL 15–30–16 is also influenced by the fact that in recent years this court has authorized by rule the dismissal of civil cases for want of activity during a one-year period unless good cause is shown to the contrary. SDCL 15–11–11. Can it be imagined that under the circumstances of this case any trial court would have been justified in granting a motion to dismiss based upon that rule? I think not, and I think the same liberal interpretation should be given to the good cause exception set forth in SDCL 15–30–16, all in keeping with our long-standing rule favoring the litigation of claims on their merits.

I would affirm the order appealed from.

DUNN, Justice (dissenting).

I would affirm the trial court.

I was of the opinion that the trial of lawsuits by "ambush" was long gone in this state. Here, the parties exchanged correspondence and phone calls and set up depositions in a manner that indicated both were actively seeking a new trial at the first opportunity. Suddenly, the year passes, and the defendant moves to dismiss the complaint under SDCL 15–30–16!

I am not concerned with the law firm that is victimized by this ruling as they will have their day at playing "hard" ball. But

I am concerned with the little girl with a bad injury who is being wiped out by this decision. This court was concerned enough about her injury to remand this case for a new trial and she should receive that trial. In my opinion, the amended complaint, the absence of the treating physician for a period of six months, the extended correspondence and phone calls, and the setting of depositions was sufficient to sustain the court's order under SDCL 15–30–16.

I would affirm.