2002 SD 68

Daron WHITE EAGLE, as Special Administrator for the Estate of Darell Thomas White Eagle, Deceased, Plaintiff and Appellant,

v.

CITY OF FORT PIERRE, South Dakota, a Political Subdivision, as Employer, and Entity, and Kevin Steever, in his capacity as Chief of Police of Fort Pierre, jointly and severally and in their individual capacity, Defendants and Appellees.

No. 21997.

Supreme Court of South Dakota.

Considered on Briefs Feb. 11, 2002.

Decided June 12, 2002.

Robin L. Zephier of Abourezk & Zephier, Rapid City, for appellant.

Brent Wilbur of May, Adam, Gerdes & Thompson, Pierre, for appellee Kevin Steever in his individual capacity.

Thomas Harmon, Karla L. Engle of Tieszen Law Office, Pierre, for appellees City of Fort Pierre and Kevin Steever in his official capacity.

AMUNDSON, Justice.

[¶ 1.] Daron White Eagle, special administrator for the estate of his father, Darrell Thomas White Eagle, (White Eagle) sued the City of Fort Pierre, South Dakota (City), Kevin Steever in his capacity as the former chief of police in City (Steever (officially)), and Steever individually (Steever (individually)), alleging the defendants negligently or intentionally caused the death of his father. The trial court dismissed with prejudice the claims against Steever and City for failure to prosecute. White Eagle appeals. We affirm.

### FACTS

[¶ 2.] In June of 1997, White Eagle filed a complaint against City, Steever (officially) and Steever (individually), alleging that City and Steever either negligently or intentionally caused the death of his father. City then filed a motion to dismiss on the grounds that service of process had been improper; the trial court denied the motion. Thereafter, City filed an intermediate appeal, which was heard and decided by this Court in White Eagle v. City of Fort Pierre, 2000 SD 34, 606 N.W.2d 926 (*White Eagle I*). In *White Eagle I*, we held that the trial court erred in denying the motion and that it had no jurisdiction over City. *Id.* at ¶ 14. The remaining claims were then remanded to the trial court on March 8, 2000.

[¶ 3.] There was no record activity after the remand until March 23, 2001, when Steever (individually) filed a motion to dismiss for failure to prosecute. Shortly after Steever (individually) made this motion, City and Steever (officially), also moved to dismiss for failure to prosecute. After a hearing on the motions, the trial judge granted Defendants'/Appellees' motions to dismiss, with prejudice. White Eagle appeals the following issue:

**Whether the trial court erred by granting the motions to dismiss for failure to prosecute.**

### STANDARD OF REVIEW

[¶ 4.] We have previously determined that the appropriate standard of review for a trial court's dismissal of a claim for failure to prosecute is abuse of discretion. *London v. Adams*, 1998 SD 41, ¶ 12, 578 N.W.2d 145, 148. Under this standard, we uphold the decision if "in view of the law and the circumstances" it was reasonably made. *Id.* (citation omitted). The decision to dismiss will not stand if it is "not justified by, and clearly against, reason and evidence." *Id.* Additionally, the following "guiding principles of law" assist our review:

> First, this Court ordinarily will not interfere with the trial court's ruling in these matters. Second, a dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay. An unreasonable and unexplained delay has been defined as an omission to do something "which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights." Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. Fourth, the plaintiff has the burden to proceed with the action. The defendant need only meet the plaintiff step by step. Finally, the dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude.

*Id.* (internal citations omitted).

### DECISION

**Whether the trial court erred by granting the motions to dismiss for failure to prosecute.**

[¶ 5.] White Eagle contends that this case had been hard fought and litigated since 1995. After a hearing, the trial court said, as to Steever, there had been no activity other than filing an answer in 1997. As to City, the trial court determined there had been no activity since the remand by this Court on March 8, 2000. Therefore, the claims against Steever (individually) and against City and Steever (officially) were dismissed under SDCL 15–11–11 [1] and SDCL 15–30–16,[2] respectively.

[¶ 6.] In 1998, SDCL 15–11–11 was amended in an attempt to define what the Legislature meant by the term "record." The following language was added:

> [t]he term "record," for purposes of establishing good cause, shall include, but not by way of limitation, settlement negotiations between the parties or their counsel, formal or informal discovery

---

1. SDCL 15–11–11 provides:

   The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where the record reflects that there has been no activity for one year, unless good cause is shown to the contrary. The term "record," for purposes of establishing good cause, shall include, but not by way of limitation, settlement negotiations between the parties or their counsel, formal or informal discovery....

2. SDCL 15–30–16 provides:

   In every case on appeal, in which the Supreme Court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had therein within one year from the date of such order in the Supreme Court, or in default thereof, the action shall be dismissed, unless upon good cause shown the court shall otherwise order.

proceedings, the exchange of any pleadings, and written evidence of agreements between the parties or counsels which justifiably result in delays in prosecution.

*See Swenson v. Sanborn County Farmers Union Oil Co.*, 594 N.W.2d 339, 1999 SD 61, ¶ 13 n3, 594 N.W.2d 339, 343 n3. Before the Legislature added this language, we had stated that "activity" meant, "record activity." *Id.* at ¶ 14 (*citing*) *Annett v. Am. Honda Motor Co., Inc.*, 1996 SD 58, ¶ 19, 548 N.W.2d 798, 803; *Du–Al Mfg. Co. v. Sioux Falls Const. Co.*, 444 N.W.2d 55, 57 (S.D.1989) (Sabers, J., concurring); *Holmoe v. Reuss*, 403 N.W.2d 30, 32 (S.D. 1987).

[¶ 7.] Although we have acknowledged that the Legislature provided additional language through the 1998 amendment, we have not had the opportunity to determine how it changes existing case law until now. *See, e.g., Swenson*, 1999 SD 61 at ¶ 13 n 3, 594 N.W.2d at 343 n3; *Simpson v. C & R Supply, Inc.*, 1999 SD 117, ¶ 11, 598 N.W.2d 914, 917; *Moore v. Michelin Tire Co., Inc.*, 1999 SD 152, ¶ 49, 603 N.W.2d 513, 525–26. Prior to the 1998 amendment, we rejected "informal discovery and settlement negotiations" as a form of "activity" based on the fact that the settled record did not contain proof of settlement attempts or discovery. *Annett*, 1996 SD 58, ¶ 18, 548 N.W.2d 798, 803. Our subsequent holding in *Swenson* then placed further emphasis on the need for "record activity," or information reflected in the file or the settled record. 1999 SD 61 ¶ 14, 594 N.W.2d at 343.

[¶ 8.] The expansion of SDCL 15–11–11 does not change our previous holdings.

Our focus has always been on whether proof of activity was presented. The activity alleged must be verifiable in the record before us, regardless of whether the activity was in the form of formal motions or informal discovery. "SDCL 15–11–11 'has a one year limitation from the date of the last activity *as reflected by the file.*' " *See Annett*, 1996 SD 58 at ¶ 19, 548 N.W.2d at 803 (emphasis added).

■ [¶ 9.] White Eagle noted that he had been working on the case, and for example, had been utilizing the Freedom of Information Act to obtain information about the criminal investigation surrounding the death of White Eagle's father.[3] If this type of discovery is to be used as a means of showing "activity," we cannot merely assume this is true; we need proof. The trial judge held that no activity had occurred, and nothing before us refutes that holding. We further note that the Freedom of Information Act does not appear to require a particularized form of requesting information, making it less likely that activity under the Act would be in the trial court's records. Some cases state that requests for information were made under the Act by mailing a letter to a particular government agent, while others just reference generic "requests" for information, without explaining the method. *Miller*, 630 F.Supp. at 348 (stating the plaintiff *asked* for information under the Freedom of Information Act); *Dept. of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 1, 121 S.Ct. 1060, 1064, 149 L.Ed.2d 87 (2001) (stating the defendant "*filed a series of requests* with the Bureau under the Freedom of Information Act"); *Porter v. U.S. Dept. of Jus-*

---

3. The Freedom of Information Act, 5 USC 552, "governs the responsibilities of federal agencies in the disclosure of, access to, and content of their records concerning individuals, and gives individuals greater control over the gathering, dissemination, and accuracy of agency information about themselves." *Miller v. United States*, 630 F.Supp. 347, 348 (E.D.N.Y.1986).

*tice,* 717 F.2d 787, 789 (3rd Cir.1983) (stating plaintiff "*wrote* to the FBI Freedom of Information Act Director requesting copies of any files kept on him and his wife.") (emphasis added in citation parentheticals). If these types of requests were being made by White Eagle within the year prior to the motion to dismiss, he should have presented evidence to the court below demonstrating such activity. The record here fails to support such contentions.[4]

[¶ 10.] A plaintiff's failure to proceed with a case for a year or more clearly gives a defendant grounds to move for failure to prosecute. *See Simpson v. C & R Supply, Inc.,* 1999 SD 117, ¶ 12, 598 N.W.2d 914, 918; SDCL 15–11–11 (providing dismissals for failure to prosecute are justified if there has been no activity for one year and no showing of good cause which excuses the inactivity); SDCL 15–30–16 (permitting dismissal of cases where no proceedings have occurred within one year from date of a Supreme Court order unless good cause is shown). And, it is unquestionably the plaintiff's duty to ensure that the case proceeds; this duty should not be placed on the defendant. *Dakota Cheese, Inc. v. Taylor,* 525 N.W.2d 713, 715 (S.D.1995).

[¶ 11.] This Court cannot confirm that *any* activity occurred from the record provided. It was White Eagle's duty to carry this case forward and to ensure verifiable activity existed to keep the case afloat. *See Swenson,* 1999 SD 61

at ¶ 10, 594 N.W.2d at 343. Permitting a case to remain idle for years without a single confirmable activity demonstrates a lack of diligence. Moreover, nothing in the record demonstrates "good cause" for denying the motion to dismiss.[5] *See id.* at ¶ 15 (holding motion to dismiss under SDCL 15–11–11 may be denied if good cause is shown); *Sears v. McKee,* 326 N.W.2d 107, 108 (S.D.1982) (finding that a motion to dismiss under SDCL 15–30–16 may be denied if good cause is shown). "Good cause for delay requires 'contact with the opposing party *and* some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines.'" *Dakota Cheese, Inc.,* 525 N.W.2d at 717 (emphasis in original). Nothing negates Defendants' allegations that negligence and inattention were the reason for inactivity in this case, and the record is void of any requisite activity.

[¶ 12.] White Eagle also argues that under SDCL 15–30–16, the measuring date of record should be the date stamped on the letter of remittitur given to the circuit court clerk by this Court, rather than the date the decision was issued. He filed discovery papers with the circuit court on March 27, 2001, after the motion to dismiss was filed. Thus, it certainly appears that the only action of record was the result of action taken by the defendant to dismiss. Nonetheless, White Eagle argues the papers were filed less than one year from March 30, 2000, the filing date stamped on the remittitur statement from

---

4. The only information available to us regarding White Eagle's requests under the Freedom of Information Act is requests made under the Act prior to *White Eagle I.*

5. The trial judge asked White Eagle's counsel at the hearing regarding the motion to dismiss for failure to prosecute the following questions: "Why didn't you contact the clerk's office? Why didn't you file a motion

to compel, a motion for scheduling hearing, anything, between the time that the Supreme Court issued its order until the time that the motion to dismiss was filed?" His only response was that he did not want to "step on the toes of any Court process to try to get this matter set on for scheduling without the Court being specifically involved."

this Court. Therefore, White Eagle argues that if the later date is used, the dismissal for failure to prosecute is error because the one-year mark under the statute has not been met.

[¶ 13.] The applicable language from SDCL 15–30–16 is that where this Court has remanded a case, proceedings shall be had "within one year from the date of such *order* ... or in default thereof, the action shall be dismissed, unless upon good cause shown the court shall otherwise order." (emphasis added). We find the date of the "order" is the decision date placed on the opinion, not the file date stamped on the remittitur papers by the circuit court clerk.

[¶ 14.] First, a "decision," by its very definition, is "[a] judgment, decree, or **order** pronounced by a court." Black's Law Dictionary 407 (6th ed.1990). Furthermore, the date on which this Court is said to have "decided" a case is the date of publication, the same day it is made available to the public, clearly giving notice to the trial court and parties as to our directive. In the somewhat dated, yet pertinent case of *Root v. Sweeney,* this Court said:

> It requires no argument to demonstrate the mere filing of the remittitur and record by the clerk does not constitute "further proceedings".... The arrival and deposit of the papers in the office of the clerk of the circuit court certainly cannot be construed as a step taken by the court in determining the rights of the parties and issues involved.

17 S.D. 179, 95 N.W. 916, 917 (1903) (upholding order that sustained motion to dismiss for failure to prosecute). Although the filing of remittitur papers with the lower court is part of the process in re-manding the case, the true "order" referenced in the statute is the decision. Therefore, we find the clock starts to run from the opinion's decision date. Because the date of *White Eagle I* is March 8, 2000, and the date of the motion to dismiss by Steever (individually) and by City's and Steever's (officially) motions to dismiss were March 23, 2001 and March 28, 2001, respectively, the one-year time limit had clearly expired.[6]

[¶ 15.] We acknowledge that dismissing the case was "an extreme remedy [,]" which should be utilized only if there is "unreasonable and unexplained delay." *London,* 1998 SD 41 at ¶ 12, 578 N.W.2d at 148 (citation omitted). Here, there has been "an omission to do something 'which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights,'" which is the very definition of unreasonable, unexplained delay. *Id.* (citation omitted). We, therefore, uphold the lower court's decision to grant a motion to dismiss for failure to prosecute because, "in view of the law and the circumstances" it was reasonably made. *Id.*

[¶ 16.] We find any other issues raised on appeal to be without merit.

[¶ 17.] Affirmed.

[¶ 18.] GILBERTSON, Chief Justice, SABERS and KONENKAMP, Justice, and GORS, Acting Justice, concur.

[¶ 19.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

**6.** *White Eagle I* was decided, White Eagle never petitioned this Court for rehearing. Such a motion could have allowed him more time in which to proceed at the trial court level. *See* SDCL 15–25–3 (permitting petitions for rehearing on decisions); SDCL 15–30–16 (granting one year time limit trial court proceedings after remand from this Court).