#25545-a-DG

**2010 S.D. 77**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

LAMAR ADVERTISING OF
SOUTH DAKOTA, INC.,                                    Plaintiff and Appellant,

v.

HEAVY CONSTRUCTORS, INC.
and EPIC OUTDOOR
ADVERTISING, LLP,                                         Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JOHN J. DELANEY
Judge

\* \* \* \*

JOHN K. NOONEY
AARON T. GALLOWAY of
Nooney, Solay & VanNorman, LLP
Rapid City, South Dakota                                Attorneys for plaintiff
                                                                          and appellant.


DAVID E. LUST
REBECCA L. MANN of
Gunderson, Palmer, Nelson
 & Ashmore, LLP
Rapid City, South Dakota                                Attorneys for defendants
                                                                          and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 24, 2010

OPINION FILED **10/06/10**

#25545

GILBERTSON, Chief Justice

[¶1.]        Lamar Advertising of South Dakota, Inc. (Lamar) failed to adhere to

the one-year deadline imposed by SDCL 15-30-16 in which to conclude proceedings

on a matter remanded by this Court.  Heavy Constructors, Inc. (Heavy), the

defendant in the matter, moved to dismiss.  The trial court heard arguments in

which Lamar contended it had good cause for not having proceedings within a year.

The trial court granted Heavy's motion to dismiss.  Lamar appeals.  We affirm.

## FACTS

[¶2.]         The underlying litigation relevant to this appeal was filed by Lamar

against Heavy and Epic Outdoor Advertising (Epic) for breach of contract in 2003.

*Lamar Outdoor Adver. of S.D., Inc. v. Heavy Constructors, Inc.*, (*Lamar I*), 2008 S.D.

10, 745 N.W.2d 371.  In that action, Lamar's motion for specific performance was

denied.  *Id.* ¶ 6, 745 N.W.2d at 374.  The trial court also determined that Lamar

would be able to recover damages representing "the difference between the fair

market value of the unexpired term of the lease (market rent) and the rent reserved

in the lease (the contract rent)."  *Id.*  Lamar appealed the trial court's order

granting Epic's motion for summary judgment and the damages measure.  *Id.* ¶ 9,

745 N.W.2d at 374-75.  We affirmed the motion for summary judgment, but

reversed and remanded the issue of the measure of damages for retrial in an order

dated February 6, 2008.  *Id.* ¶ 24, 745 N.W.2d at 380.

[¶3.]        On March 31, 2008, Lamar filed a Notice of Status Hearing with the

trial court in order to set a new trial date.  At a hearing on April 14, 2008, a two-day

trial on the matter was scheduled for September 10-11, 2008.  Both parties filed

pre-trial submissions and Lamar submitted Plaintiff's Supplemental Jury Instructions in anticipation of trial. Lamar scheduled the deposition of Heavy's expert witness, Ken Simpson, which was taken on July 17, 2008. Heavy later cancelled the deposition of Lamar's expert witness originally scheduled for July 31, 2008. Heavy also failed to examine documents made available by Lamar at its counsel's office under a discovery request prior to the September 10-11, 2008, trial date.

[¶4.] On September 4, 2008, Heavy served a Motion for Continuance of Trial Date. Heavy's motion stated the purpose of the continuance was to explore settlement opportunities and provide Heavy with additional time to review discovery documents at the office of Lamar's counsel. Lamar did not oppose the motion to continue the trial. The trial court signed the order continuing trial and it was filed on September 5, 2008.

[¶5.] On September 9, 2008, Heavy sent a settlement proposal to Lamar via email. On October 4, 2008, Lamar sent Heavy an email asking whether a resolution could be reached. On October 17, 2008, Heavy replied via email that it was in the process of negotiating with third parties and would respond once an offer was in place.

[¶6.] On January 22, 2009, Lamar once again inquired of Heavy whether there would be additional efforts to resolve the matter. On February 8, 2009, Heavy once again sent a settlement proposal via email. On March 2, 2009, Lamar again inquired about settlement options, to which Heavy replied that day by providing the same emails originally sent and dated September 9, 2008, and February 8, 2009.

[¶7.]        On August 19, 2009, Lamar scheduled a status hearing.  On October 7, 2009, Heavy filed its Motion to Dismiss for failure to comply with the provisions of SDCL 15-30-16, which provides:

> In every case on appeal, in which the Supreme Court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had therein within one year from the date of such order in the Supreme Court, or in default thereof, the action shall be dismissed, unless upon good cause shown the court shall otherwise order.

On October 26, 2009, a hearing was held on Heavy's motion to dismiss.  At that time, the trial court tentatively scheduled trial on the matter for February 17-18, 2010, in the event it denied Heavy's motion.

[¶8.]        At the hearing, Lamar argued that its attempts to settle the matter and the email exchanges between the two parties were evidence that the case had not been abandoned.  It also argued that it did not schedule a trial due to the ongoing viable settlement attempts.  Lamar further contended that it was unable to schedule a trial because Heavy's counsel served in the state legislature during January and February, and was unavailable during June and July due to a vacation.  Heavy argued that its counsel did not invoke unavailability under the South Dakota Code for his service in the legislature and, thus, Lamar was not precluded from scheduling trial in January or February.  While recognizing the courtesy extended by Lamar in not scheduling trial while Heavy's counsel was on vacation, Heavy also noted that the case could have been set for trial and another attorney from his firm could have handled the matter.

[¶9.]        The trial court issued its ruling via email on November 2, 2009, granting Heavy's motion.  Findings of fact and conclusions of law were filed by the

trial court in which it incorporated its November 2, 2009, email.  The trial court noted that SDCL 15-30-16 requires proceedings, meaning a new trial, be completed within one year of the date of the Supreme Court's remand order.  Such proceedings were not completed and absent "good cause," the trial court noted it was required to grant Heavy's motion.  The trial court concluded that the contacts and communications between Lamar and Heavy did not rise to the level of extraordinary events necessary to establish good cause as has been interpreted by this Court.  The trial court's order dismissing the matter was entered on December 19, 2009.  Lamar appeals raising one issue:

> Whether the trial court erred by granting Heavy's motion to dismiss under SDCL 15-30-16 when it found Lamar did not establish good cause for failure to try the matter within one year after this Court's remand order.

## STANDARD OF REVIEW

[¶10.] A trial court's dismissal of a claim for failure to prosecute within one year after a remand by this Court is reviewed on appeal under the abuse of discretion standard.  *Rex Buggy Co. v. Dinneen,* 28 S.D. 640, 641, 134 N.W. 814, 814 (1912) (citing *Root v. Sweeney*, 17 S.D. 179, 95 N.W. 916 (1903)).  We will uphold the trial court's decision under this standard if "'in view of the law and the circumstances' it was reasonably made."  *White Eagle v. City of Fort Pierre*, 2002 S.D. 68, ¶ 4, 647 N.W.2d 716, 718 (citing *London v. Adams*, 1998 S.D. 41, ¶ 12, 578 N.W.2d 145, 148).  We will reverse a trial court's decision to dismiss if it was "not justified by, and clearly against, reason and evidence."  *Id.*

## ANALYSIS AND DECISION

[¶11.]       Lamar argues it met the good cause exception to the failure to prosecute requirement.  It contends it demonstrated good cause under *White Eagle*, 2002 S.D. 68, 647 N.W.2d 716, which Lamar claims incorporated the standards in SDCL 15-11-11[1] and SDCL 15-30-16 into one good cause standard.  In the alternative, Lamar argues it satisfied what it construes to be the stricter good cause standard for failure to have proceedings under SDCL 15-30-16 in *Sears v. McKee*, 326 N.W.2d 107 (S.D. 1982), which it claims this Court subsequently abandoned in *White Eagle*, 2002 S.D. 68, 647 N.W.2d 716.

[¶12.]       Heavy, citing *Sears*, 326 N.W.2d at 108, argues that Lamar failed to meet the good cause standard, which it argues is limited to "an agreement admissible under SDCL 16-18-11, fraud, accident, mistake, or some extraordinary circumstance for which the plaintiff is not responsible."  Heavy further contends that an implicit agreement, if one did exist between the parties, to move the litigation forward via additional discovery and settlement negotiations was insufficient because a written agreement is necessary under SDCL 16-18-11 to

---

1.       SDCL 15-11-11 provides:

> The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where the record reflects that there has been no activity for one year, unless good cause is shown to the contrary.  The term "record," for purposes of establishing good cause, shall include, but not by way of limitation, settlement negotiations between the parties or their counsel, formal or informal discovery proceedings, the exchange of any pleadings, and written evidence of agreements between the parties or counsel which justifiably result in delays in prosecution.

extend proceedings beyond the statutory timeline. Heavy also argues that this Court did not lessen the good cause standard for failure to have proceedings under SDCL 15-30-16 to that of the failure to prosecute under SDCL 15-11-11. Finally, Heavy argues that even if the lower standard is used, Lamar's argument still fails and the trial court's dismissal should be upheld because Lamar did not take action to protect its interests, the record and settlement activities in this case were not sufficient, and Lamar's claimed unavailability of Heavy's counsel was not sufficient good cause.

[¶13.] Neither party disputes that there were no proceedings within the one-year timeframe Lamar had under SDCL 15-30-16 to conduct the proceedings. The essence of the dispute is whether there was good cause shown as to why the proceedings were not had within the one-year timeframe, which expired on February 5, 2009. The activities that occurred during this timeframe included the scheduling and continuance of the September 10-11, 2008 trial date and the settlement attempts by the two parties. Any activities that arose after the February 5, 2009 timeframe cannot serve as good cause to extend the deadline. *See Chapman v. Hill*, 39 S.D. 58, 59-60, 162 N.W. 931, 931-32 (1917) (plaintiff's effort to get her case placed on the "special or disqualified calendar" would not be considered when examining good cause under predecessor to SDCL 15-30-16, as those efforts occurred after the one year had expired).

[¶14.] The determination of good cause for delay is determined on a case-by-case basis. *Setliff v. Stewart*, 2005 S.D. 40, ¶ 66, 694 N.W.2d 859, 876. "Good cause for delay requires 'contact with the opposing party *and* some form of excusable

conduct or happening which arises other than by negligence or inattention to pleading deadlines.'" *White Eagle*, 2002 S.D. 68, ¶ 11, 647 N.W.2d at 720 (quoting *Dakota Cheese, Inc. v. Taylor*, 525 N.W.2d 713, 717 (S.D. 1995)). Good cause has been interpreted to mean "an agreement admissible under SDCL 16-18-11,[2] fraud, accident, mistake, or some extraordinary circumstance for which the plaintiff is not responsible." *Sears*, 326 N.W.2d at 108 (citing *Chapman*, 38 S.D. 58, 162 N.W.2d at 931; *Rex Buggy Co.*, 28 S.D. 640, 134 N.W. 814; *Meadows v. Osterkamp*, 23 S.D. 462, 122 N.W. 419 (1909); *Root*, 17 S.D. 179, 95 N.W. 916).[3] Good cause has also been recognized to include a plaintiff's bankruptcy in which an order staying proceedings has been entered by the bankruptcy court. *Setliff,* 2005 S.D. 40, ¶67, 694 N.W.2d at 876.

[¶15.] As we noted in *White Eagle*, several principles of law assist in conducting the review:

> First, this Court ordinarily will not interfere with the trial court's ruling in these matters. Second, a dismissal of an action

---

2. SDCL 16-18-11 provides:

   An attorney and counselor at law has power to bind his client to any agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court.

3. As noted above, *Sears* and the preceding cases use the phrase "extraordinary circumstance for which the plaintiff is not responsible." 326 N.W.2d at 108. *White Eagle* uses the phrase "excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines." 2002 S.D. 68, ¶ 11, 647 N.W.2d at 720. For purposes of this appeal, the two appear to point us in the same direction.

for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay. An unreasonable and unexplained delay has been defined as an omission to do something "which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights." Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. Fourth, the plaintiff has the burden to proceed with the action. The defendant need only meet the plaintiff step by step. Finally, the dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude.

2002 S.D. 68, ¶ 4, 647 N.W.2d at 718 (quoting *London,* 1998 S.D. 41, ¶ 12, 578 N.W.2d at 148). That is not to say we have lessened the standard as set forth in *Sears*. It has consistently remained the same since our first cases construing this statute. *Root,* 17 S.D. at 182, 95 N.W. at 916; *Rex Buggy Co.,* 28 S.D at 641, 134 N.W. at 814. Rather, we acknowledged in *White Eagle* that there are basic guiding principles that we must consider when a motion to dismiss is granted under SDCL 15-30-16 for failure to have proceedings, or under SDCL 15-11-11 for failure to prosecute and a lack of good cause exists to justify such inaction. We did so in *White Eagle* as we reviewed the trial court's dismissal under both SDCL §§ 15-11-11 and 15-30-16.

[¶16.]       The flaw in the Court's analysis in *Sears* is the failure to address what constitutes the appropriate standard of review of a trial court's decision whether or not to dismiss a matter under the provisions of SDCL 15-30-16. *See* 326 N.W.2d at 108 (noting that the plaintiff argued the issue was one of law, but the Court did not state what standard of review it was applying). In *White Eagle* we reaffirmed the

abuse of discretion standard of review as the proper standard on review.[4] 2002 S.D. 68, ¶ 4, 647 N.W.2d at 718. Had such a standard of review been applied in *Sears,* the 3-2 decision may have well gone the other way.[5] *See* 326 N.W.2d at 109.

[¶17.] The term "good cause" is a crucial standard in both SDCL 15-11-11 and 15-30-16. Although there are other textual differences, such as the express reliance of on the "record" in 15-11-11, which are not found in 15-30-16, there is nothing in the statutes that would cause us to construe the term "good cause" in a different manner for each provision.

[¶18.] There is no factual dispute that there was substantial contact between the parties from the time the opinion in *Lamar I* was handed down through the one-year timeframe that expired on February 5, 2009. Lamar argues the excusable conduct per *White Eagle* justifying a reversal of the trial court's dismissal includes the following happenings that occurred prior to that date:

---

4. This was not a change from previous cases for dismissal for failure to prosecute. As set forth in *London,* the abuse of discretion standard of review has been used on numerous occasions. 1998 S.D. 41, ¶ 12, 578 N.W.2d at 148 (citing *Devitt v. Hayes,* 1996 S.D. 71, ¶ 7, 551 N.W.2d 298, 300 (citing *Annett v. Am. Honda,* 1996 S.D. 58, ¶ 12, 548 N.W.2d 798, 802; *Opp v. Nieuwsma,* 458 N.W.2d 352, 356 (S.D. 1990); *Du-Al Mfg. Co. v. Sioux Falls Constr. Co.,* 444 N.W.2d 55, 56 (S.D. 1989); *Schwartzle v. Austin Co.,* 429 N.W.2d 69, 71 (S.D. 1988); *Holmoe v. Reuss,* 403 N.W.2d 30, 31 (S.D. 1987); *Duncan v. Pennington County Hous. Auth.,* 382 N.W.2d 425, 426 (S.D. 1986))); *Watkins Prod. v. Lytle*, 90 S.D. 122, 238 N.W.2d 299 (S.D. 1976). The abuse of discretion standard of review goes back nearly as far as SDCL 15-30-16 itself. *See Root*, 17 S.D. at 182, 95 N.W. at 917, *Rex Buggy*, 28 S.D at 641, 134 N.W. at 814.

5. In *Sears* this Court reversed the circuit court. 326 N.W.2d at 109. A fair reading of the Court's opinion would conclude it was basically a de novo review. *Id.* at 108.

1. Heavy's motion to continue the September 10-11, 2008 trial;

2. settlement negotiations in September 2008 and January 2009; and

3. service by counsel for Heavy in the Legislature in January and February 2009.

[¶19.]     Keeping in mind that the excusable conduct *must prevent* the plaintiff from completing the proceedings and must be attributable to something other than negligence or inattention to pleading deadlines, we do not see how any of these factors prevented Lamar from rescheduling the trial before the expiration of the one-year timeframe.[6]  Lamar elected to move forward with settlement negotiations with full knowledge of the looming deadline.  There was no formal agreement between the parties, written or otherwise, to extend the deadline.  While Lamar's courtesy toward opposing counsel was commendable, it did not preclude Lamar from obtaining a written agreement concerning an extension or scheduling trial and forcing Heavy to ask for such an agreement.  In our earliest examination of SDCL 15-30-16 we concluded, "[s]treet talk between the attorneys of the respective parties, relative to a settlement, which resulted in no agreement, oral or otherwise, did not justify the delay." *Root*, 17 S.D. at 184, 95 N.W. at 917.

[¶20.]     The trial court did indicate some sympathy during the course of the hearing for the position of Lamar.  Its findings of fact and conclusions of law nevertheless concluded dismissal was appropriate.  While harsh, the trial court did

---

6.     There is no claim of "ambush" or bushwhack in this case which has arisen in previous cases.  *See Sears,* 326 N.W.2d at 109 (Dunn J., dissenting).  At the hearing, counsel for Lamar conceded, "I am not suggesting that [counsel for Heavy] would ever-because I know [him] much better than that—would have ever laid in wait, so to speak, to see what happens.  It's just coincidence."

not abuse its discretion when it concluded that Lamar could be held to what amounts to "a lack of due diligence in failing to proceed with reasonable promptitude" and thus dismissal was warranted.

[¶21.]     Affirmed.

[¶22.]     ZINTER, MEIERHENRY and SEVERSON, Justices, and SABERS, Retired Justice, concur.

[¶23.]     SABERS, Retired Justice, sitting for KONENKAMP, Justice, disqualified.