#25847-rev & rem-JKK

**2011 S.D. 67**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

KJERSTAD REALTY, INC.,
A SOUTH DAKOTA CORPORATION,                    Plaintiff and Appellant,

v.

BOOTJACK RANCH, INC.,
A SOUTH DAKOTA CORPORATION,                    Defendant and Appellee,

and

PATRICK X. TRASK,                              Defendant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Judge

* * * *

THOMAS E. BRADY of
Brady Pluimer, PC
Spearfish, South Dakota                        Attorneys for plaintiff
                                               and appellant.

JOHN K. NOONEY
AARON T. GALLOWAY of
Nooney, Solay & Van Norman, LLP
Rapid City, South Dakota                       Attorneys for defendant
                                               and appellee.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 23, 2011

OPINION FILED **09/28/11**

KONENKAMP, Justice

[¶1.]     The circuit court dismissed this case when plaintiff was unable to bring the matter to trial within one year after we remanded in a previous appeal. Because good cause existed to extend the deadline, we reverse and remand.

## Background

[¶2.]     In December 2007, Kjerstad Realty, Inc. brought suit against Bootjack Ranch, Inc. for breach of a realty contract. Kjerstad sought and obtained summary judgment. Bootjack appealed, and, on October 28, 2009, we reversed and remanded for trial. *Kjerstad Realty*, *Inc. v. Bootjack Ranch, Inc.*, 2009 S.D. 93, 774 N.W.2d 797. We concluded that an issue of material fact was in dispute on "[w]hether the efforts of Kjerstad Realty constituted substantial performance" under the contract. *Id.* ¶ 17.

[¶3.]     On remand, Kjerstad pursued further discovery, amended its complaint, and added party defendants. In January 2010, the assigned judge, Circuit Judge Merton B. Tice, retired. A hearing was held on February 9, 2010, before Circuit Judge John J. Delaney, who had been temporarily assigned to the case. Judge Delaney informed counsel that he would preside only until Judge Tice's replacement was named.

[¶4.]     On May 4, 2010, Judge Delaney held another hearing, this time on Kjerstad's motion to compel the defendants to produce certain documents requested in a December 2009 subpoena duces tecum. Judge Delaney ordered production of the documents. Kjerstad also moved for an award of attorney's fees because of the defendants' failure to produce the documents. A hearing was set for June 29, 2010.

At that hearing, counsel for Kjerstad remarked, "In this case we've gotten nothing but obstruction in our discovery requests from both the defendants. And to not sanction them for this action only gives them a license." Judge Delaney agreed, saying, "That kind of strikes me as a true statement." He awarded Kjerstad $2,660.16 in fees and costs.

[¶5.] On June 18, 2010, Circuit Judge Wally Eklund was appointed to the bench and assigned to the case, relieving Judge Delaney of this temporary assignment. A little over a month after Judge Eklund took the bench, Kjerstad moved for a scheduling order and trial date. On July 20, 2010, Kjerstad moved for a hearing to proceed with exemplary damages. On the same day, Bootjack and Patricia Hanson moved for summary judgment, asserting that Hanson did not act fraudulently or with deceit in selling Bootjack Ranch. Kjerstad moved for summary judgment on its breach of contract claim. On September 22, 2010, Judge Eklund held a hearing on all the motions. He granted summary judgment to Hanson and denied Kjerstad's motion.

[¶6.] During the summary judgment hearing, counsel discussed trial scheduling. The court asked about the timing of the trial in relation to the date the Supreme Court issued its decision remanding the case. Counsel for Bootjack indicated that the case was remanded in October 2009 and that after the one-year deadline passed, he planned to move for dismissal under SDCL 15-30-16. Counsel for Kjerstad responded that he was ready to try the case "tomorrow." Counsel for Bootjack also was ready for trial tomorrow. The court responded, "We aren't going

to do it tomorrow." Thereafter, a pretrial order was entered setting the trial date for February 15, 2011.

[¶7.] On November 16, 2010, Bootjack moved to dismiss for Kjerstad's failure to commence trial within one year from the date of remand. *See* SDCL 15-30-16. A hearing was held on December 14, 2010. After considering arguments from counsel, the court granted Bootjack's motion. It believed it was "just duty-bound to dismiss the action as against Bootjack," because it concluded that "under the circumstances [it did not] have discretion to exercise . . . under the rulings of" the Supreme Court. Kjerstad's suit against another party remained on schedule, but we granted Kjerstad's petition for intermediate appeal and stayed further proceedings.

## Analysis and Decision

[¶8.] We review a court's decision to dismiss a case under SDCL 15-30-16 for an abuse of discretion. *Lamar Adver., Inc. v. Heavy Constructors, Inc.* (*Lamar II*), 2010 S.D. 77, ¶ 10, 790 N.W.2d 45, 48; *White Eagle v. City of Fort Pierre*, 2002 S.D. 68, ¶ 4, 647 N.W.2d 716, 718. An abuse of discretion "is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *Stavig v. Stavig*, 2009 S.D. 89, ¶ 13, 774 N.W.2d 454, 458 (citations omitted).

[¶9.] Kjerstad asserts that the circuit court abused its discretion when it granted Bootjack's motion to dismiss because Kjerstad "had requested a trial date be set within the one year period and the [circuit court] denied the request." Kjerstad also contends that good cause existed to delay the deadline under SDCL

15-30-16. It points to the undisputed record showing that after this Court's remand, counsel for Kjerstad conducted "legitimate discovery," "pursued and prosecuted the case," engaged in no "unreasonable delay," "acted with due diligence," and progressed "with reasonable promptitude." For a long time, Kjerstad notes, there was no permanent trial judge assigned to the case.

[¶10.]    Bootjack, on the other hand, argues that SDCL 15-30-16 is inflexible, and the circuit court correctly applied the law on Kjerstad's failure to proceed to trial within one year of this Court's remand decision. Bootjack deems immaterial Kjerstad's discovery efforts because this Court's rulings require a trial before the deadline in SDCL 15-30-16.

[¶11.]    SDCL 15-30-16 provided:

> In every case on appeal, in which the Supreme Court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had therein within one year from the date of such order in the Supreme Court, or in default thereof, the action shall be dismissed, unless upon good cause shown the court shall otherwise order.*

We have interpreted "proceedings had therein" to mean "proceedings contemplated by the decision of this [C]ourt." *Chapman v. Hill*, 39 S.D. 58, 162 N.W. 931 (1917); *see also Sears v. McKee* (*Sears II*), 326 N.W.2d 107, 108 (S.D. 1982). Here, the decision of this Court was: "Whether Kjerstad Realty has substantially performed under the agreement is a question for the fact finder . . . . We reverse and remand for trial." *Kjerstad Realty, Inc.,* 2009 S.D. 93, ¶¶ 17, 18, 774 N.W.2d at 802.

---

\*    By unanimous vote, this Court repealed SDCL 15-30-16 at its August 2011 rules hearing, effective August 24, 2011.

-4-

Therefore, the "proceedings contemplated" would be a trial on whether Kjerstad substantially performed under the contract. It is undisputed that a trial was not conducted within one year, thus implicating SDCL 15-30-16.

[¶12.] Yet merely because Kjerstad was unable to bring the matter to trial within one year does not mean Kjerstad's case must necessarily be dismissed. The rule explicitly allows for "good cause" not to dismiss. SDCL 15-30-16. Good cause supports extending the deadline if there was excusable conduct preventing Kjerstad from complying with SDCL 15-30-16, which conduct "must be attributable to something other than negligence or inattention to pleading deadlines[.]" *See Lamar II*, 2010 S.D. 77, ¶ 19, 790 N.W.2d at 51.

[¶13.] We determine good cause on a case-by-case basis. *Id.* ¶ 14 (citing *Setliff v. Stewart*, 2005 S.D. 40, ¶ 66, 694 N.W.2d 859, 876). "Good cause has been interpreted to mean 'an agreement admissible under SDCL 16-18-11, fraud, accident, mistake, or some extraordinary circumstance for which the plaintiff is not responsible.'" *Id.* (quoting *Sears II*, 326 N.W.2d at 108) (additional citation omitted). In many instances, good cause is cause beyond a party's control.

[¶14.] The circuit court thought itself bound by our decisions in *Sears II* and *Lamar II*, but the facts of this case are markedly different from *Sears II* and *Lamar II*. In *Sears v. McKee* (*Sears I*), this Court remanded for a new trial with proper jury instructions. 298 N.W.2d 521, 522-23 (S.D. 1980). After remand, and in response to a motion to dismiss under SDCL 15-30-16, Sears argued that "proceedings" occurred within one year because she filed an amended complaint within the time period. *Sears II*, 326 N.W.2d at 108. The circuit court agreed and declined to dismiss the

case. On appeal, this Court reversed, ruling that filing an amended pleading does not constitute proceedings consistent with SDCL 15-30-16. But the Court still remanded for the circuit court to determine whether Sears established good cause. *Id.* at 109. Here, Kjerstad did not merely file a pleading during the one-year period. Rather, counsel continuously pursued discovery and, more importantly, specifically requested a trial date within the deadline.

[¶15.] In *Lamar Adver., Inc. v. Heavy Constructors, Inc.* (*Lamar I*), we ordered a retrial on the issue of the measure of damages. 2008 S.D. 10, ¶ 24, 745 N.W.2d 371, 380. On remand, the parties originally agreed to a trial date within the deadline, but they continued that date to engage in settlement negotiations. *Lamar II*, 2010 S.D. 77, ¶ 3, 790 N.W.2d at 47. These negotiations persisted until just before the deadline, and after the deadline passed, Heavy Constructors moved to dismiss Lamar's suit under SDCL 15-30-16. Lamar argued that its efforts to settle the case and the email exchanges between the parties established good cause to extend the deadline. The circuit court disagreed and ruled that despite the parties' settlement negotiations, no excusable conduct prevented Lamar from complying with SDCL 15-30-16. We affirmed, writing that "Lamar elected to move forward with settlement negotiations with full knowledge of the looming deadline." *Id.* ¶ 19. Here, Kjerstad did not elect to move forward, heedless of the time limit. Rather, with knowledge of the deadline, counsel specifically requested an immediate trial.

[¶16.] On the facts of this case, good cause existed to extend the deadline under SDCL 15-30-16. Following retirement of the assigned judge, the case was

presided over temporarily by Judge Delaney from January 2010 until late June 2010. With no permanently assigned judge, the case could not proceed to trial. In the interim, however, Kjerstad diligently pursued discovery and fought discovery "obstruction." Shortly after Judge Eklund was appointed, counsel submitted a request for a scheduling order and trial date. And at the first hearing before Judge Eklund, counsel asked for a trial date within the deadline. Although aware that time was running out, Judge Eklund did not grant this request. These circumstances established good cause: they were beyond Kjerstad's control. The court abused its discretion when it dismissed Kjerstad's suit against Bootjack.

[¶17.]		Reversed and remanded.

[¶18.]		GILBERTSON, Chief Justice, and ZINTER and SEVERSON, Justices, and MEIERHENRY, Retired Justice, concur.

[¶19.]		WILBUR, Justice, did not participate.